**SMITH–SCHARFF PAPER COMPANY, INC., Plaintiff–Appellant,**

v.

**Paul T. BLUM, Defendant–Respondent.**

**No. 58354.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 28, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 1991.

Application to Transfer Denied
Sept. 10, 1991.

Weier, Hockensmith & Sherby, St. Louis, for plaintiff-appellant.

Suelthaus & Kaplan, P.C., Helmut Starr, Betty L. Thorne, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a court-tried judgment. Appellant, Smith–Scharff Paper Company, Inc., is a Missouri Corporation

engaged in the wholesaling of paper-related and janitorial products (hereinafter Smith–Scharff). Respondent, Paul T. Blum (hereinafter Blum) and Smith–Scharff entered into an employment agreement on August 22, 1988. The employment agreement provided terms for compensation, termination of employment, modification of the contract and covenants not to compete. It also stated that Blum's employment "shall be for an initial term of one (1) year." Paragraph 21 expressly stated that:

> This agreement contains the entire agreement of the parties in this matter. No modification amendment or waiver of any of the provisions of this agreement shall be effective unless in writing specifically referring hereto, and signed by both parties.

Both Blum and Arthur Scharff (hereinafter Scharff), president of Smith–Scharff, testified at trial that Blum's compensation was $2500 per month. Blum was to receive this salary until he achieved "sales representative status." Schedule D of the employment agreement provided that "in order to achieve sales representative status, a sales trainee must have their commissions equal to or greater than their salary for three consecutive months." At trial Scharff testified that most sales trainees require approximately one year to achieve three consecutive months where their commissions equalled or exceeded their salaries. Scharff explained during testimony that the "three consecutive month" policy was introduced in order to protect a sales trainee who might have one or two months where his commissions rose above his salary level, but then fall below this level in subsequent months.

The employment agreement also contained certain covenants not to compete. Under the terms of the covenant Blum was prohibited from entering into the employment or having any interest in any person or company engaged in a business competitive with Smith–Scharff. Blum was also restricted from influencing any customers of Blum to divert their business. The terms of the restrictive covenant pertained solely to accounts serviced by Blum while working for Smith–Scharff. The covenant specifically provided that "[t]his restriction shall be applicable only with respect to the geographic areas in which the relevant operations are conducted by [Smith–Scharff] and its subsidiaries and affiliates at any time during the employment period."

In a court-tried case the standard for review on appeal is controlled by the oft-cited *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment in a court-tried case is presumed correct. *Prudential Property and Casualty Ins. Co., Inc. v. Call*, 586 S.W.2d 433, 434 (Mo.App. 1979). It is well settled law in Missouri that the credibility of witnesses and the weight given their testimony is for the trial court to determine. In making this determination as to the validity of the trial court's findings, the appellate court must defer to the trial court's opportunity to observe the parties while testifying, assess their credibility, and weigh their sincerity and character. *Minton v. Minton*, 639 S.W.2d 640, 643 (Mo.App.1982). Deference to the findings of the trial court are not limited to determinations as to the credibility of witnesses, however, but also extend to all fact issues found in accordance with the result reached by the trial court. *Webster v. Jenkins*, 779 S.W.2d 340, 342 (Mo. App.1989). Within this scope of review we now consider Smith–Scharff's appeal.

Smith–Scharff raises two points on appeal. The first point alleges error in the trial court's finding that Smith–Scharff breached the employment contract with Blum by unilaterally altering the terms of the contract. The second point challenges the trial court's finding that Blum did not violate the terms of the restrictive covenant in the employment agreement.

If a company breached the employment agreement before an employee allegedly violated the covenant not to compete, then a company is barred from enforcing the restrictive covenant against an employee. A party to a contract cannot claim its benefits where he is the first to violate it. *Forms Mfg., Inc. v. Edwards*, 705 S.W.2d 67, 69 (Mo.App.1985). *S.G.*

*Adams Printing v. Central Hardware Co.*, 572 S.W.2d 625, 629 (Mo.App.1978).

The question of whether Smith–Scharff unilaterally breached the contract before Blum violated the restrictive covenant, such that Blum was excused from performance, was an issue of fact for the trial court. *Forms Mfg., Inc. v. Edwards*, 705 S.W.2d 67 at 69. Blum agreed to work for Smith–Scharff at a salary of $2500 per month until he would be able to reach "sales representative status." Blum's commissions had to equal or exceed his salary for three consecutive months in order to obtain this status. Based upon this offer, Blum signed the restrictive covenant not to compete. However, approximately four months later, based upon Blum's poor performance, Smith–Scharff unilaterally changed the contract by placing Blum solely on a commission basis. This modification was violative of the employment agreement in that it was not in writing and not signed by either Blum or Smith–Scharff. Blum was faced with the choice of either losing his job or retaining his position of employment with Smith–Scharff, but compensated solely on a commission basis. Based upon these facts, there was sufficient evidence for the trial court to find that Smith–Scharff unilaterally breached the employment agreement that it had established with Blum. The record is replete with evidence to support the additional findings of the trial court. Both Smith–Scharff's points on appeal are denied.

Affirmed.

CRANDALL, C.J., and KAROHL, J., concur.