**Marilyn S. COOK, Plaintiff/Appellant,**

v.

**Elbert WADLINGTON, Defendant/Respondent.**

**No. 59807.**

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 24, 1991.

Motions for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1992.

Talbert & Mallon, P.C., Lance R. Mallon, Alton, Ill., St. Louis, for plaintiff/appellant.

Lowes & Drusch, Albert C. Lowes & David J. Roth, II, Cape Girardeau, for defendant/respondent.

KAROHL, Judge.

Plaintiff, Marilyn Cook sued Elbert Wadlington alleging she sustained personal injuries to her neck and shoulder in a motor vehicle collision which occurred in Cape Girardeau County on April 6, 1989. She claimed no property damage in this lawsuit. The jury returned a verdict assessing fault against plaintiff in the amount of 50% and defendant in the amount of 50% but awarded "zero" damages.

■ If we were to reach the merits of plaintiff's appeal we would affirm the judgment. In light of the verdict any claims of trial court error regarding liability are irrelevant if the jury finding of no personal injury is supported by the evidence. The issue of personal injury was denied and contested by defendant. All of the claimed injuries depended upon belief of subjective complaints; none were patent. The jury was free to disbelieve plaintiff's testimony and the testimony of experts offered by plaintiff. Defendant's medical expert found no injuries to the degree of medical certainty; he opined plaintiff "perhaps" had some injuries. In view of the verdict any claims of error regarding liability are meaningless because the finding of no related injury was possible on the evidence. However, we do not reach the merits of the appeal.

■ Rule 84.13(a) provides "allegations of error not briefed or properly briefed shall not be considered in any civil appeal." Plaintiff's amended brief on appeal does not properly brief any allegations of error. The amended brief was filed after this court struck appellant's original brief with an order that the appeal be dismissed if an amended brief, correcting the deficiencies, was not timely filed. After the amended brief was filed respondent filed a motion to dismiss the appeal and renewed the request as Point I of respondent's brief. The motion to dismiss is sustained.

First, none of plaintiff's eight "Points" on appeal state wherein and why any ruling of the trial court was erroneous. For example, the first and last points contained in appellant's brief are as follows:

A. The Trial Court Erred in Failing to Grant Plaintiff's Motion for a New Trial, or in the Alternative, for Judgment Non Obstante Verdicto.

H. The Trial Court Erred in Failing to Grant Plaintiff's Motion for a New Trial, or in the Alternative, for Judgment Non Obstante Verdicto in Allowing Jury Instruction Number Nine.

This failure is in clear and direct violation of Rule 84.04(d). For failure to comply with this requirement, nothing is preserved for review. *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo.App.1988).

Second, the brief contains numerous other deficiencies. For example: (1) the case law cited in Point A sets forth only a standard of review without reference to any substantive authorities for the claim that the court erred in not granting a new trial or judgment notwithstanding the verdict; (2) Point E contains no citation to any legal authority; (3) Points F–H cite only Rules of Civil Procedure or Missouri Approved Instructions, none of which offer any real assistance, and none are followed by supporting precedent. None of these points are issues of first impression requiring no citation of authority. Rule 84.04(d); *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978).

Third, the brief contains many abstract statements and generalities in the points relied on and arguments. Various authorities cited generally appear to be unrelated to appellant's arguments.

There is both sound policy and purpose for Rule 84.04. Compliance with the rule is required in order that appellant may "[give] notice to the party opponent of the precise matters which must be contended with and answered." *Thummel,* 570 S.W.2d at 686. An appellant's brief which is so deficient as to require respondent to guess at the nature and scope of claimed errors in an effort to respond creates difficulty for the respondent. The same is true for an appellate court.

A brief which fails to comply with the procedural rules also creates the possibility that the appellate court in an effort to fairly review the trial would become an advocate by speculating on facts and arguments which have not been made. This court should not be asked or expected to assume such a role. *Id.*

Appeal dismissed.

CARL R. GAERTNER, C.J., and AHRENS, J., concur.