James R. PINNELL and Barbara Jean Pinnell, Plaintiffs/Respondents,

v.

Herbert G. JACOBS and Ruth E. Jacobs, Charles P. Marshall and Doris M. Marshall, Sherri E. Renaud, Terry C. Sanders and Kathy Sanders, and Theodore Love and Ernestine Love, Defendants/Appellants.

No. 63402.

Missouri Court of Appeals, Eastern District, Division Two.

April 19, 1994.

Donald P. Wray, Coburn & Croft, St. Louis, for defendants-appellants.

Daniel B. Chartrand, Clayton, for plaintiffs-respondents.

CRANE, Presiding Judge.

Defendants Herbert and Ruth Jacobs appeal a judgment against them for damages resulting from their removal of a fence and trees located on property which the trial court found to have been acquired by plaintiffs, James and Barbara Pinnell, by adverse possession. On appeal Herbert and Ruth Jacobs contend that the trial court's damage award was against the weight of the evidence because the evidence supported their equitable estoppel defense. We affirm.

This appeal arises from an action seeking to quiet title and for other relief relating to the east and west boundary lines of plaintiffs' property in St. Ann, Missouri. The Jacobs property adjoins the western boundary of plaintiffs' property. Defendants Charles and Doris Marshall, Sherri E. Renaud, Terry C. and Kathy Sanders, and Theodore and Ernestine Love own separate parcels of real property adjoining plaintiffs' property along its eastern boundary.

The evidence at trial, viewed in the light most favorable to the judgment, reveals that in 1968 plaintiffs erected two fences running north and south along what they intended to be the eastern and western boundaries of their property. The plaintiffs, all the adjoining landowners to the east and the west, and their predecessors in title, possessed, used, and maintained their respective parcels of property as bounded by the eastern and western fences on plaintiffs' property.

In June, 1989 Herbert and Ruth Jacobs had their property surveyed. Subsequently, Herbert Jacobs told plaintiff James Pinnell that plaintiffs' fence was on the Jacobs property. Plaintiffs had their property surveyed in August, 1989 which showed that the two fences each veered to the west of the recorded property lines. Herbert Jacobs asked James Pinnell when he was going to move the fence. Pinnell replied that he would have to settle the question of the property lines with his eastern neighbors. A week later, during the night of September 25, 1989, after plaintiffs had gone to bed, Herbert and Ruth Jacobs removed plaintiffs' western

fence. On October 11, 1989 Herbert and Ruth Jacobs removed the fence posts without contacting plaintiffs or obtaining permission. When Pinnell asked Herbert Jacobs about it, Jacobs claimed the fence was on his property.

Plaintiffs then consulted an attorney and filed their original petition in this action in November, 1989, naming Herbert and Ruth Jacobs and the eastern adjoining landowners as defendants. In that petition they sought a declaratory judgment with respect to the location of their east and west property lines and damages from Herbert and Ruth Jacobs for removal of the fence.

In January, 1990 Herbert and Ruth Jacobs cut down and removed twenty-one trees which had been located within plaintiffs' western fence, but to the west of plaintiffs' western recorded property line. Plaintiffs subsequently filed an amended petition against all adjoining landowners to the east and the west seeking to quiet title and for a declaratory judgment, and against Herbert and Ruth Jacobs for actual and punitive damages [1] for the removal of the trees and fence.

The trial court entered judgment in favor of plaintiffs and against Herbert and Ruth Jacobs in the quiet title count (Count I) relating to plaintiffs' western property line. It entered judgment in favor of the remaining trial defendants and against plaintiffs in the quiet title count (Count II) relating to plaintiffs' eastern property line. In Count I the trial court found plaintiffs' western property line to be established by plaintiffs' western fence on the basis of plaintiffs' adverse possession. In Count II the trial court found plaintiffs' eastern property line to be established by plaintiffs' eastern fence on the basis of the adjoining eastern property owners' adverse possession of the land east of the fence. On Count III the trial court entered a declaratory judgment in favor of the prevailing parties on Counts I and II and reformed their respective deeds. The portion of the judgment relating to Counts I, II and III has not been appealed.

On Count IV the trial court awarded plaintiffs $260.00 plus interest as damages for the destruction and removal of the fence, and $1670.00 plus interest as damages for the destruction and removal of the trees. Herbert and Ruth Jacobs (hereinafter defendants) appeal this portion of the judgment.

■ On appeal of a court-tried case, we must sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously applies the law, or unless it erroneously declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We accept all evidence and inferences favorable to the judgment, and disregard all contrary inferences. *Behen v. Elliott*, 791 S.W.2d 475, 476 (Mo.App.1990). We give deference to the trial court's opportunity to observe the witnesses while testifying, assess their credibility, and weigh their sincerity of character. *Luketich v. Goedecke, Wood & Co., Inc.*, 835 S.W.2d 504, 507 (Mo. App.1992).

For their sole point on appeal, defendants claim the damage award was against the weight of the evidence because the evidence supported defendants' pleaded defense of equitable estoppel. We disagree.

■ "The doctrine of equitable estoppel seeks to foreclose one from denying his own expressed or implied admissions which have in good faith and in pursuance of its purpose been accepted and relied upon by another." *Lake Saint Louis Com. v. Ravenwood Prop.*, 746 S.W.2d 642, 646 (Mo.App.1988). The doctrine of equitable estoppel has three essential elements: (1) there must be an admission, statement, or act by the person to be estopped that is inconsistent with the claim that is later asserted and sued upon, (2) there must be an action taken by a second party on the faith of such admission, statement, or act, and (3) an injury must result to the second party if the first party is permitted to contradict or repudiate his admission, statement, or act. *Id.* We restrict the application of this doctrine to those cases in which each element clearly appears. *Id.* The party asserting estoppel must establish each essential element by clear and satisfactory evidence. *Id.*

---

1. The punitive damage count was voluntarily dismissed during trial.

Defendants argue that the evidence supported each of these elements. They assert that plaintiffs made statements and admissions inconsistent with their claim to title, that defendants removed the fence in reliance on those statements and on plaintiffs having obtained a building permit to do so, and that defendants were injured by the court's damage award.

Defendants first claim that plaintiffs made statements and admissions and took actions inconsistent with plaintiffs' claim of title and that defendants relied on these statements and actions when they removed the fence and the trees. They refer to trial testimony by defendants' witnesses that after the defendants' survey, James Pinnell admitted the fence was in the wrong place, said he was going to move it, and requested that an iron pipe be placed on the property line. The testimony of defendants' witnesses concerning Pinnell's admissions and statements to defendant Herbert Jacobs was contradicted. We defer to the trial court on questions of credibility. *Luketich,* 835 S.W.2d at 507. Although the trial court did not make any specific finding on credibility, where no specific findings are made, we consider all fact issues as having been found in accordance with the result. Rule 73.01(a)(3). Thus, the trial court could have found that plaintiffs did not make the statements on which defendants claim to have relied.

Defendants also argue that they relied on the fact that plaintiffs obtained a building permit to remove the fence. There was no evidence that defendants knew about the building permit when they acted. Defendants also claim in their brief that they relied on statements James Pinnell made to his eastern neighbors that he was also going to move his eastern fence. However, defendants did not testify they knew of these statements to other adjoining landowners before they removed the fence. At trial Herbert Jacobs testified that he relied only on James Pinnell's representations to him that the fence was in the wrong place and the property belonged to defendants. From this evidence the trial court could have found that defendants did not rely on the building per-

mit or James Pinnell's statements regarding his eastern fence.

Further, there was evidence from which the court could have found that defendants did not act in good faith. Defendants removed the fence at night without permission or notice. In addition, defendants removed the trees without notice or permission after plaintiffs filed their lawsuit asking the court to determine the correct property lines.

Defendants also did not show injury. Defendants argue that they are injured by the damage judgment. An adverse judgment in the case in which equitable estoppel is being asserted does not satisfy the injury element. Defendants do not point to any evidence of injury adduced in the trial court.

The record would support a trial court finding that there was insufficient evidence of any of the elements of equitable estoppel. The trial court's judgment is not against the weight of the evidence.

The judgment is affirmed.

KAROHL and CRAHAN, JJ., concur.