Julius ROBINSON, Plaintiff-Appellant,

v.

**LACLEDE GAS COMPANY,**
**Defendant-Respondent.**

**No. 38105.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

June 21, 1977.

---

Theodore F. Schwartz, Clayton, for plaintiff-appellant.

Alan C. Kohn, St. Louis, for defendant-respondent.

WEIER, Judge.

This is a suit for damages for personal injuries and destruction of personal property. Plaintiff appeals from the judgment of the trial court directing a verdict for defendant at the close of plaintiff's evidence.

The statement of facts consumes twenty-nine (29) pages in plaintiff's brief on appeal. Pages three (3) through twenty-seven (27) of the brief are a verbatim reproduction of some of the questions and answers of witnesses in the trial of the case. At the conclusion of this recital of the testimony is a copy of plaintiff's petition for damages which occupies the remaining five (5) pages. Nowhere in the brief is there "a fair and concise statement of the facts" as required by Rule 84.04(c). Such failure warrants dismissal of an appeal. *State v. Schulten*, 529 S.W.2d 432, 434[1] (Mo.App. 1975).

The point relied on is error in the action of the court in directing a verdict at the close of the evidence. The reason given in this point is "that plaintiff's evidence was sufficient, as a matter of law, to make a submissible case for the jury's consideration." This does not satisfy the requirements of Rule 84.04(d) that points relied on set out briefly and concisely wherein and why the ruling of the court sought to be reviewed is erroneous. The erroneous ruling is described but the description as to why it is erroneous is abstract, in that it merely states the evidence is sufficient to make a submissible case. Here appellant needs to state his theory of liability and set out concisely a brief summary of the evi-

dence that supports it. This may be done in outline form. As a court, we are not required to search the record to determine whether or not there was sufficient evidence to submit the case to the jury. *Barber v. M. F. A. Milling Company,* 536 S.W.2d 208, 211[13] (Mo.App.1976).

■ A reading of the argument in the brief reveals only two references to the transcript. One concerns the complaint of plaintiff transmitted to defendant concerning the odor of gas. The other refers to an interrogatory and its answer. Although plaintiff's claim of error succeeds only if he mustered sufficient evidence to make a submissible case on any of his theories of liability, he fails to substantiate his alleged proof by references to the pages of the transcript that support his theories of liability. This is a critical violation of Rule 84.04(h). *Ward v. Johnson,* 480 S.W.2d 104, 107[8] (Mo.App.1972).

The appeal is dismissed for failure to comply with Rule 84.04 in the above particulars.

KELLY, P. J., and GUNN, J., concur.