**STATE ex rel. E.J. CUNNINGHAM, M.D., Relators,**

v.

**Honorable Drew W. LUTEN, Jr., Judge, Circuit Court, St. Louis County, Respondent.**

No. 63897.

Supreme Court of Missouri, En Banc.

Feb. 23, 1983.

John R. Boyce, Paul M. Brown, Coburn, Croft & Putzell, St. Louis, for relators.

Thomas R. Green and Patrick H. Gadell, St. Louis, for respondent.

DONNELLY, Judge.

This is prohibition.

On May 19, 1980, Citizens Bank of University City filed an action against E.J. and Elizabeth Cunningham to recover money owed on a promissory note which they had executed. On September 12, 1980, the bank filed for a default judgment, which was granted. On October 17, 1980, upon the Cunninghams' motion, the trial court set aside the default judgment because of defective service. On January 7, 1981, summons was issued and returned by the sheriff on January 20, 1981. On May 29, 1981, the bank filed a default and inquiry motion. On June 25, 1981, the Cunninghams filed a motion to quash service. On July 7, 1981, a hearing was held on the default and inquiry motion. Testimony for the bank was offered regarding the execution of the note and the balance due; counsel for the Cunninghams cross-examined the witnesses. At the close of the proceeding the trial court overruled the motion to quash service filed by the Cunninghams, granted them leave to file an answer, and set the matter for further proceedings on August 25, 1981. On August 25, 1981, the court set the case on the civil trial docket. On October 23, 1981, counsel for the Cunninghams requested the court to direct the parties to brief the issue of whether they were entitled to a jury trial. On November 24, 1981, the Cunninghams filed a Motion for Further Hearing, which the court sustained on January 27, 1982. The cause was set for trial on a *non-jury* trial docket during the week of February 22, 1982. On April 13, 1982, this Court issued its preliminary rule in prohibition.

The question is whether the Cunninghams waived their rights to jury trial by "entering into a trial before the court without objection." Rule 69.01; § 510.190, RSMo 1978.

■ The right to a jury trial in a civil action at law is guaranteed in Missouri but it is a personal right which may be waived. *Meadowbrook Country Club v. Davis*, 421 S.W.2d 769, 772 (Mo. banc 1967).

■ On July 7, 1981, when testimony was given as to whether a default judgment should be entered for the bank, no answer had been filed. Relators' answer, filed July 10, 1981, denied the bank's allegations and pleaded the defense of fraud in the inducement. In our view, the Cunninghams did not waive their rights to jury trial by participating in the July 7 hearing. On the record in this case, that hearing was not a "trial" as contemplated by the waiver rule and statute. *Cf. Crossland v. Admire*, 118 Mo. 87, 24 S.W. 154 (1893).

The preliminary rule in prohibition is made absolute.

RENDLEN, C.J., WELLIVER, HIGGINS, and GUNN, JJ., DOWD, Special Judge, and SEILER, Senior Judge, concur.

BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.