Fay L. **FEDERBUSH**, Respondent,

v.

Richard N. **FEDERBUSH**, et al., Appellants.

No. 47038.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 13, 1984.

Theodore F. Schwartz, Barry F. Ginsburg, Clayton, for appellants.

Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, for respondent.

CRIST, Presiding Judge.

Fay L. Federbush (first wife) brought an equitable action to set aside the transfer of a business by Richard N. Federbush (husband) to Audrey Federbush (second wife). First wife claimed the transfer was made in fraud of her right to collect child support and maintenance from an earlier dissolution decree. See *Barnard v. Barnard,* 568 S.W.2d 567, 570 (Mo.App.1978). First wife also alleged husband and second wife engaged in a civil conspiracy in defrauding her. The trial court found in favor of first wife; second wife and husband appeal. We dismiss the appeal.

■ First wife, on October 14, 1983, moved to dismiss this appeal for appellants' failure to set forth a fair and concise statement of the facts free from argument,

Rule 84.04(c), and for appellants' failure to file a complete record on appeal, Rule 81.-12(a). Appellants filed suggestions in opposition to the motion on October 24, 1983. Two days later we ruled the motion would be taken with the case.

On October 31, 1983, first wife filed her brief and renewed her objections to the deficiencies in appellants' brief and record on appeal. The same day appellants supplemented the legal file to bring it into conformity with Rule 81.12(a). Appellants, however, have elected to stand on their original statement of facts.

Following an introductory paragraph, appellants' statement of facts continues:

The trial of this matter was, as expected, a vain attempt by [first wife] to somehow vitiate a valid business transaction. In her case in chief, [first wife] made a feeble attempt to prove her case by testifying that her former husband sold his business to his present wife at a time when the former husband owed money for back due child support. (Tr. 12) [First wife] provided no testimony supporting any allegation of fraud. After this pitiful showing, [first wife] left the stand. The remainder of the testimony came from the defendants who openly and candidly explained their business transaction.

Similar argumentative assertions are laced throughout the remainder of appellants' statement of facts. Material evidence favorable to first wife has been omitted. Appellants' failure to provide a fair and concise statement of the facts warrants dismissal. *Robinson v. Laclede Gas Co.,* 553 S.W.2d 495, 496 (Mo.App.1977). See *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978).

■ This appeal must be dismissed on jurisdictional grounds as well. The right to appeal is derived from and governed by statute, § 512.020 RSMo 1978; *Bolin v. Farmers Alliance Mutual Insurance Co.,* 549 S.W.2d 886, 889 (Mo. banc 1977). Section 512.020 allows appeals from various trial court actions; the only situation presently applicable, however, is the provision

permitting an appeal "from any final judgment in the case."

The trial court in the instant case found the transfer by husband of his business to second wife null and void, setting it aside. The decree ordered a constructive trust placed on the business' assets, property, and profits in favor of first wife to satisfy past due installments owed to her under the dissolution decree with husband. Then the court specifically declared it "shall continue to exercise its jurisdiction over this cause and the parties and accordingly the Court may enter such supplementary decretal orders as this Court deems necessary ...." Next the court ordered an accounting to be filed of all assets of the transferred business and all profits derived since its sale to second wife.

Aside from leaving the matter of "supplementary decretal orders" undecided, the "judgment" appealed from is not final because the ordered accounting has not been completed and approved by the trial court. *Oasis Car Wash, Inc. v. First North County Bank*, 558 S.W.2d 683, 687 (Mo. App.1977). See also, *Proctor v. Jacobs*, 472 S.W.2d 609 (Mo.1971); *Anderson v. Metcalf*, 300 S.W.2d 377 (Mo.1957); *Adams v. Adams*, 294 S.W.2d 18 (Mo.1956); *Engel Sheet Metal Equipment, Inc. v. Shewman*, 301 S.W.2d 856 (Mo.App.1957).

Lacking a judgment finally disposing of all issues raised by the parties, this appeal is dismissed as premature.

PUDLOWSKI and SIMON, JJ., concur.