Gabriel A. AMPARAN, Petitioner–
Respondent,

v.

Sherree MARTINEZ, Respondent–
Appellant.

No. 62547.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 5, 1993.

Eric T. Tolen, St. Louis, Jo Ann Rotermund, Ballwin, for respondent-appellant.

Lawrence G. Gillespie, Webster Groves, Stuart Howard Goldenberg, St. Louis, for petitioner-respondent.

STEPHAN, Judge.

Sherree Martinez, mother, appeals the granting of a motion to modify a child custody order filed by Gabriel Amparan, father. On October 3, 1983, mother and father were divorced in the District Court of Bexar County, Texas. Under the divorce decree mother was awarded the primary care, custody and control of the parents' minor child. On May 12, 1992, the Circuit Court of the City of St. Louis found Missouri to be the home state of the parents' minor child and on July 13, 1992, the trial court entered its order modifying the original custody order. The modified order awards primary care, custody and control of the child to father. Mother appeals. We affirm the judgment.

Father has filed two motions which have been taken with the case on appeal. The first motion is a Motion to Dismiss Mother's Brief. Father seeks such relief because mother's brief violates Rule 84.04(c) and (d). (All rule references are to Missouri Rules of Court (1993).) Father cites numerous violations of the rule in mother's statement of facts and in her points relied on. Because mother's brief clearly fails to comply with the requirements of Rule 84.04(c) and (d), father's motion is well taken and must be sustained.

■ Rule 84.04(c) states, in part:

(c) Statement of Facts. The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. . . .

The purpose of the statement of facts is "to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. . . ." *White v. White,* 846 S.W.2d 212, 213 (Mo.App.1993), citing *Wipfler v. Basler,* 250 S.W.2d 982, 984–985 (Mo.1952). If the court is to adjudicate the appeal without becoming an advocate for the appellant, the appellant must define the scope of the controversy by stating the relevant facts fairly and concisely. *White, supra,* citing *Thompson v. Thompson,* 786 S.W.2d 891, 892 (Mo. App.1990). Violations of Rule 84.04(c) constitute grounds for dismissal of an appeal. *White, supra.*

■ Here, mother's statement of facts fails to give us an immediate, accurate, complete or unbiased understanding of the facts of the case. It is difficult to ascertain from mother's statement of facts the procedural history of the case and the facts leading up to this appeal. Her statement of facts is argumentative and she has omitted evidence favorable to father. She quarrels with the findings of fact and conclusions of law of the trial judge. She challenges the testimony of witnesses and attempts to explain why such witnesses' testimony should be refuted or is biased.

Mother's failure to provide a fair and concise statement of the facts warrants dismissal. *Federbush v. Federbush,* 667 S.W.2d 457, 458 (Mo.App.1984), citing *Robinson v. Laclede Gas Co.,* 553 S.W.2d 495, 496 (Mo.App. 1977) and *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978).

Furthermore, father contends that all of mother's points relied on violate Rule 84.-04(d). Once again, we agree. None of mother's five points relied on comply with that rule. Rule 84.04(d) states, in part:

(d) Points Relied On. The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. . . .

Setting out abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

Also, Rule 84.13(a) states, "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal...."

■ The three components of a point relied on are (1) a concise statement of the challenged ruling of the trial court, (2) the rule of law which the court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable. *Hoffman v. Koehler,* 757 S.W.2d 289, 292 (Mo. App.1988), citing *Thummel,* 570 S.W.2d at 685, 686. None of mother's points relied on comply with this requirement.

■ Mother's first point is an example of her violation of Rule 84.04(d). She summarized her first point in the argument portion of her brief, which we quote as follows, "The trial judge prejudged this case because the chronology of events indicate the case was prejudged." Another example is mother's fifth point which states "The trial court abused its discretion in modifying the Texas decrees and awarding primary physical custody and legal custody to an absentee father who taught the child to lie to his mother because such a change of custody was not necessary to serve the child's best interest where it was not shown that the mother's disability affected her ability to parent despite the child's stated preference to 'remain' with his father." Both of these points relied on fail to give a concise statement of the challenged ruling, fail to cite the rule which mother believes should have been applied, and fail to state an evidentiary basis upon which the asserted rule is applicable. These points are no more than abstract statements making it impossible to determine wherein and why mother alleges the trial court erred and how she wishes this court address such alleged error.

■ Similarly, mother's second, third, and fourth points relied on fail to state wherein and why the trial court erred. These points also contain many abstract statements and generalities making it difficult for us to ascertain what issues mother seeks to have us review.

■ There is both sound policy and purpose for Rule 84.04. *Cook v. Wadlington,* 821 S.W.2d 864, 866 (Mo.App.1991). Compliance with the rule is required in order that appellant may give notice to the party opponent of the precise matters which must be contended with and answered. *Id.* citing *Thummel,* 570 S.W.2d at 686. An appellant's brief which is so deficient as to require respondent to guess at the nature and scope of claimed errors in an effort to respond creates difficulty for the respondent. The same is true for an appellate court. Furthermore, a brief which fails to comply with the procedural rules also creates the possibility that the appellate court in an effort to fairly review the trial would become an advocate by speculating on the facts and arguments which have not been made. This court should not be asked or expected to assume such a role. *Id.*

Mother's points are insufficient to notify father and this court of the issues she seeks to have resolved. Although father attempted a reply, we decline to speculate how mother wishes us to interpret the thrust of her contentions. *See Cummings v. ACF Industries,* 808 S.W.2d 33, 34 (Mo.App.1991).

In light of our decision to sustain father's motion to dismiss the appeal for failure to comply with Rule 84.04(c) and (d), we need not address father's other motion which is a motion to strike mother's reply brief.

In any event, if we were to reach the merits of mother's appeal we would affirm the trial court's judgment. We find no manifest injustice or miscarriage of justice which has resulted. Rule 84.13(c). Sufficient evidence was presented to find Missouri to be the home state of the parties' minor child and to show a change of circumstance which supported the trial court's modification of the original custody award and to show the best interest of the child is served by the modification. *See* Sections 452.445(4) and 452.450 RSMo 1986; *Morrison v. Morrison,* 676 S.W.2d 279, 280–281 (Mo.App.1984); *McBride v. McBride,* 579 S.W.2d 388, 389–390 (Mo.App.1979).

The judgment is affirmed.

GARY M. GAERTNER, C.J., and SMITH, J., concur.