**Darrell MEASE and Doyle J. Williams, Plaintiffs-Appellants,**

v.

**Thomas K. McGUIRE, Jr., Chuck Keithley, Don Clough, James K. Justus, Sgt. D'Cogstini, Allan Mason, William McCullah, Joe Chowning, Jack Merritt, Maricopa County (Arizona) Sheriff, B. Gorla, and Tom Martin, Defendants–Respondents.**

No. 19171.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 12, 1994.

Motion for Rehearing or Transfer
Denied Nov. 1, 1994.

Darrell Mease and Doyle J. Williams, pro se.

No appearance for respondents.

GARRISON, Presiding Judge.

Appellants, appearing *pro se*, appeal the trial court's dismissal of the suit which they filed against Respondents in Taney County, Missouri. In that suit, it was alleged that Appellants were the owners of property consisting of 9 firearms, 5 knives, a ring, and a pair of jogging shoes which was confiscated from Appellant Mease when he was arrested in Arizona. They further alleged that Respondents conspired to deprive them of that property and convert it to their personal gain, and sought not only the return of the property but also actual and punitive damages. The court sustained motions to dismiss filed in behalf of each of the Respondents, which included allegations that the petition failed to state a cause of action and further that the claim was barred by the doctrine of *res judicata* because it had previously been filed in the United States District Court for the Western District of Missouri, resulting in a judgment in favor of Respondents which was affirmed by the Eighth Circuit Court of Appeals.

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. Although none is reflected in the record, the point relied on refers to the Appellees' Motion

This appeal must be dismissed for several reasons relating to the insufficiency of Appellants' brief on appeal, as well as the legal file.

Rule 81.12(a)[1] requires that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." In the instant case, the legal file contains copies of the motions to dismiss filed by Respondents, each of which relied on the previous suit in federal court, and two of which indicated that copies of the judgment and the decision of the Eighth Circuit Court of Appeals were attached. The legal file, however, does not contain copies of the federal court proceedings referred to.

Rule 84.04(c) requires that the statement of facts in an appellate brief be "a fair and concise statement of the facts relevant to the questions presented for determination without argument." It is the duty of appellant to define the scope of the controversy by stating the relevant facts fairly and concisely. *Amparan v. Martinez*, 862 S.W.2d 497, 498 (Mo.App.E.D.1993). The purpose of the statement of facts is to provide an immediate, accurate, complete and unbiased understanding of the facts of the case. *Id.* Appellants' statement of facts, however, consists of approximately one page and contains practically no facts relating to any issue raised on this appeal. In addition, it consists of conclusory statements not supported by reference to the record on appeal. This alone would justify dismissal of the appeal. *Id.*

Finally, Appellants' point relied on does not comply with Rule 84.04(d). Their single point reads as follows:

The Circuit Court erred in granting the Appellees' Motion For Summary Judgment because there were material issues of fact in dispute and there was no legal and just reason to grant Appellees' motion as a matter of law.[2]

Rule 84.04(d) provides, in pertinent part:

For Summary Judgment. We assume this refers to the motions to dismiss which were sustained by the trial court and which apparently contained copies of a judgment by the United States

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. . . .

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

Rule 84.04(d) requires points relied on to state what action or ruling of the trial court is claimed to be erroneous, why it is erroneous, and what was before the trial court that would have supported taking the action that the party appealing contends should have been taken. *Sertoma Bldg. Corp. v. Johnson,* 857 S.W.2d 858, 859 (Mo.App.S.D.1993). It is apparent that the point relied on in the instant case violates those guidelines. It is deficient because it does not specify "wherein and why" the ruling is alleged to have been erroneous and contains abstract statements and generalities. *Amparan v. Martinez,* 862 S.W.2d at 499. Specifically, it does not identify what issues existed regarding material facts or how the law was misapplied. *Sertoma Bldg. Corp. v. Johnson,* 857 S.W.2d at 859. *See also Miller v. Guze,* 820 S.W.2d 576, 577 (Mo.App.E.D.1991). The requirements of Rule 84.04(d) are mandatory. *Luna v. Smith,* 861 S.W.2d 775, 781 (Mo.App. S.D.1993). Failure to comply with the rule results in nothing being preserved for appellate review. *Id.*

■ The fact that Appellants are proceeding *pro se* does not require a different result. Parties who represent themselves must satisfy all relevant rules of procedure and are entitled to no indulgence they would not have received if represented by counsel. *Hansen v. Missouri Real Estate Appraisers Commission,* 875 S.W.2d 620, 621 (Mo.App. S.D.1994). If we were to overlook the deficiencies in the brief, we would by necessity become an advocate for Appellants in identifying the facts pertinent to this appeal, the issues sought to be raised, and the arguments in support. An appellate court should not be expected to assume such a role.

*Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). This appeal is, therefore, dismissed.

PREWITT and CROW, JJ., concur.

District Court and an opinion by the Eighth Circuit Court of Appeals. *See* Rule 55.27(a).