■
### HAYNES FAMILY CORPORATION, f/k/a Missouri Home Insulation Co., Respondent,
v.
### DEAN PROPERTIES, INC., Appellant.
#### No. 20431.

Missouri Court of Appeals,
Southern District,
Division One.

May 1, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 22, 1996.

Application to Transfer Denied
June 25, 1996.

**466**

Lee Chestnut, Springfield, for appellant.

Stuart H. King, William H. McDonald & Associates, P.C., Springfield, for respondent.

PER CURIAM.

Plaintiff sought damages arising out of a contract for labor and materials that Plaintiff provided to Defendant, a developer of residential real estate. A jury returned a verdict of $39,001.60 in Plaintiff's favor. Judgment was entered in accordance with the verdict. Defendant appeals, claiming the trial court erroneously instructed the jury.

■ With no page references to the transcript or legal file, the two-paragraph statement of facts in Defendant's brief explains that the contract between the parties provided for installation of materials on homes Defendant was developing. After reciting that a dispute arose about the agreed price to be paid, Defendant concludes by reporting that the parties disagreed on whether the contract was entirely oral or partly written.[1]

An appellant's brief "shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of 'Points Relied on.'" Rule 84.04(a).[2]

■ Rule 84.04(c) requires that the "statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Appellant has the duty to define the scope of the controversy by stating the relevant facts fairly and concisely. *Amparan v. Martinez*, 862 S.W.2d 497, 498 (Mo.App. 1993). The purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of

---

1. Following the statement of facts, Defendant's brief contains a section styled "Synopsis of Issues on Appeal." In this section limited facts appear with page references to the transcript. Even if considered as a statement of facts, this section violates Rule 84.04(c) by failing to set forth all the relevant facts necessary for our determination of the issues. Furthermore, Defendant disregards Rule 84.04(a) by adding an unrequired section to its brief.

2. Rule references are to Missouri Rules of Court (1996).

the case. *Id.* Violations of Rule 84.04(c) constitute grounds for dismissal of an appeal. *Id.*

Here, Defendant's statement of facts contains no facts relating to the issues raised on this appeal, i.e., instructional error. A statement of facts which contains "practically no facts relating to any issue raised on this appeal" does not comply with Rule 84.04(c). *Mease v. McGuire,* 886 S.W.2d 654, 655 (Mo.App.1994). Failure to substantially comply with Rule 84.04(c) preserves nothing for appellate review. *Whalen v. College of the Ozarks,* 851 S.W.2d 682, 683 (Mo.App. 1993).

Under Rule 84.13(c) this Court, in its discretion, may consider plain error, though not raised or preserved, affecting substantial rights when the Court finds that manifest injustice or miscarriage of justice has resulted therefrom. This Court's gratuitous examination of the record discloses no plain error.[3]

Judgment affirmed.

All concur.

---

**3.** Because of our disposition of the case, we deny Plaintiff's objection to Defendant's legal file and motion to strike.