Donald H. **BRANCATO,**
Plaintiff–Appellant,

v.

**WHOLESALE TOOL CO., INC.,**
Defendants–Respondents.

No. 72270.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 27, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1997.

Application to Transfer Denied Sept. 30, 1997.

Donald H. Brancato, St. Louis, pro se.

Richard E. Coughlin, Chesterfield, for Defendants–Respondents.

KAROHL, Judge.

Donald H. Brancato (Brancato), purchaser, appeals judgment for Wholesale Tool Co., Inc. (Wholesale), seller, on his claim for refund of the purchase price paid for a precision lathe. The case was tried without a jury because plaintiff, acting *pro se*, either: (1) failed to comply with a pre-trial order to prepare proposed jury instructions; or (2) waived his jury trial right. The trial court found for Wholesale and Brancato appeals.

Brancato did not provide a transcript of the trial court proceedings. Some facts are available from the legal file, the supplemental

legal file, and admissions of both parties in their respective briefs. In response to advertisements placed by Wholesale, Brancato placed an order on April 11, 1995, with Wholesale to purchase a precision lathe. He paid $2,684.75 for the lathe by a charge on his own personal credit card. Wholesale shipped the lathe by common carrier. Brancato signed that the goods were received in good condition and when he opened the shipping crate, he found substantial damage to the lathe.

Brancato immediately telephoned Gary Dunham (Dunham), a general manager for Wholesale at its Tulsa, Oklahoma, office to discuss possible remedies for the situation. The next day, April 13, 1995, Brancato sent a letter to Dunham, providing a partial list of the lathe's damages, as well as pictures, in an attempt to validate the visible damage. Several telephone conversations between Brancato and Dunham followed. Dunham told Brancato to return the lathe to Wholesale for a refund. Brancato, in response, requested either compensation for his efforts to return the lathe or a reduction of the purchase price. Dunham had no authority to accept either offer. Dunham referred Brancato to his superior, Mark Dowdy (Dowdy), Vice President of Wholesale at the company's Michigan headquarters.

An independent inspection service examined both the lathe and the packing crate and reported both were severely damaged. The inspector determined the lathe had been subjected to rough handling. Dowdy concluded from the pictures, information provided him by Brancato, and the inspection report, that the machine had been dropped or rolled in some way by Brancato. Dowdy decided Wholesale was not responsible for the damage to the lathe. He rescinded all previous verbal arrangements made on behalf of Wholesale to Brancato, and instead, offered to sell Brancato parts to repair the machine.

Brancato also pursued a claim against the carrier for damage to the lathe. The carrier investigated and found no evidence that Brancato's loss was due to any action, or inaction, on the part of the carrier. Brancato continued to pursue his claim against Wholesale. He requested a refund from Wholesale

for the purchase price of the lathe. When his request was rejected he filed suit against Wholesale in small claims court.

The small claims court ruled for Wholesale. Brancato appealed to the circuit court. He requested, and was granted, a jury trial. The court ordered Brancato to provide proposed jury instructions before trial. Brancato failed to provide the court with adequate jury instructions. In response to this failure, Wholesale filed a motion to dismiss which the court denied. It tried the case without a jury. It found for Wholesale and taxed costs to Brancato. Brancato appeals.

■ In his brief, Brancato argues four points of error. We are unable to review all four points because of violations of Rule 84.04. Missouri Rule 84.04(d) requires a points relied on section to "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." Further, "the three components of a point relied on are: a concise statement of the challenged ruling of the trial court; the rule of law the court should have applied; and the evidentiary basis upon which the rule is applicable." *Jones v. Wolff*, 887 S.W.2d 806, 808 (Mo.App. E.D.1994). "Points which do not state what ruling of the trial court is challenged nor provide a proper evidentiary basis, but instead set out abstract [or conclusory] statements of law, preserve nothing for appeal." *Jefferson v. Bick*, 872 S.W.2d 115, 118 (Mo. App. E.D.1994), *Straeter Distributing, Inc. v. Fry–Wagner Moving & Storage Company, Inc.*, 862 S.W.2d 415, 417 (Mo.App. E.D. 1993). "Violations of the rules of appellate procedure constitute grounds for dismissal of appeal." *Jones v. Wolff*, 887 S.W.2d 806 at 808.

Compliance with Rule 84.04(d) is required in order to provide "notice to the party opponent of the precise matters with must be contended with and answered." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). "An appellant's brief which is so deficient as to require respondent to guess at the nature and scope of the claimed errors in an effort to respond creates difficulty for the respondent." *Amparan v. Martinez*, 862 S.W.2d 497, 499 (Mo.App. E.D.1993). A nonconform-

ing points relied on section creates problems for more than just the respondent however. An appellant brief which fails to follow the procedural rules also "creates the possibility that the appellate court in an effort to fairly review the trial would become an advocate by speculating on the facts and arguments which have not been made." *Id.* "If the court is to adjudicate the appeal without becoming an advocate for the appellant, the appellant must define the scope of the controversy by stating the relevant facts fairly and concisely." *Id.* For the above reasons, compliance with the requirements of Rule 84.04(d) is mandatory. *Mease v. McGuire,* 886 S.W.2d 654, 656 (Mo.App. S.D.1994). Therefore, we have no obligation to review briefs that do not conform with these rules. *Thummel v. King,* 570 S.W.2d at 686.

■ We quote Brancato's points:

### Points Relied On.

### I.

The judgment is in violation of the Uniform Commercial Code of Missouri.

A. In violation of *RSMo § 400.2–314,* the Respondent shipped Appellant unusable goods received with concealed damage.

. . . .

B. Brancato rightfully rejected the goods upon discovery of the significant concealed damage, and lawfully disposed of them.

. . . .

C. Brancato had a right to indemnification for reshipment costs which were never offered by WT; and he had a right to costs incurred even prior, if reshipment were to have occurred.

. . . .

### II.

The trial court ignored all the tangible evidence in its judgement, discriminating against the Appellant as pro se.

. . . .

### III.

All claims against Respondent, WT, were not disposed of.

. . . .

### IV.

No court has standing to deny a pro se litigant a trial by jury.

. . . .

None of the points of error meet the "wherein and why" standard. Brancato fails to identify: (1) the specific ruling of the trial court he is challenging; (2) the rule of law he asserts should have been applied by the trial court; and (3) the evidentiary basis upon which the rule he asserts is applicable. His "points" failed to meet any of the requirements set forth in Rule 84.04(d).

■ We may, nonetheless, rule on the merits of the appeal where the issues in question are clear and can be found somewhere else in the brief. *State ex. Rel. Director of Revenue v. White,* 796 S.W.2d 629, 630 (Mo. banc 1990). In *Martin v. Buzan,* 857 S.W.2d 366, 368 (Mo.App. E.D.1993), we ascertained the issue on appeal from the argument section of the appellant's brief. However, Brancato has failed to provide us with a transcript of the trial court proceedings, as required by Rule 81.12(a), and resolution of his "points" may depend on evidence and events which occurred during trial.

■ It is appellant's duty to provide a full and complete record on appeal. *Jones* 887 S.W.2d at 809. "If a matter complained of is not present in the record on appeal, there is nothing for the court to review." *Id.* The absence of a complete record forecloses appellate review because the record on appeal does not contain "all of the record, proceedings, and evidence necessary to the determination of all questions presented" as required by Rule 81.12(a). Under this rule an appellant must file a transcript as well as prepare a legal file in order to provide a complete record for appeal. *Environmental Quality v. Mercantile Trust,* 854 S.W.2d 500, 501 (Mo.App.1993). Without this necessary information, we cannot rule with any "degree of confidence in the reasonableness, fairness, and accuracy of our final conclusion." *Elbert*

*v. Elbert,* 833 S.W.2d 884, 885 (Mo.App. E.D. 1992).

■ Brancato's claims of trial court error require a review of the evidentiary bases for the trial court's decision. *Flora v. Flora,* 834 S.W.2d 822, 823 (Mo.App. E.D.1992). His recitals in his brief "are unsupported by the record and are not evidence; as such, they are insufficient to supply essential matters for review." *Id.* In the absence of a complete record, we have no basis for any decision.

■ Brancato's brief does not contain a proper statement of facts section. The statement of facts in his brief are not "a fair and concise statement of facts relevant to the questions presented for determination." Rule 84.04(c). He failed to provide the court "an immediate, accurate, complete [and] unbiased understanding of the facts of the case." *Amparan,* 862 S.W.2d at 498. His statement of facts section is argumentative throughout; a direct violation of the rule. *In Re Estate of DeGraff,* 560 S.W.2d 342, 345 (Mo.App.1977). His facts are "distorted," "unbalanced," "slanted," "biased," "inflammatory," etc. *see Id., Commerce Bank of Kansas City v. Conrad,* 560 S.W.2d 388 (Mo.App. 1977). Finally, Brancato failed to meet the requirements that assertions of facts made in his statement of fact section be supported by the record and referenced to the legal file or transcript. *State ex rel. Conway v. Villa,* 847 S.W.2d 881, 885 (Mo.App. E.D.1993). The following excerpt is typical of Brancato's statement of facts:

> Most egregiously, Dowdy then chose, instead, rather than to accept his company's responsibility for the shipment of the goods with severe concealed damage to try to avoid WT's responsibility under the Missouri law. That attempt to violate the law resulted in Dowdy libeling Brancato, claiming that Brancato had damaged the goods in his handling.

■ A statement of facts section which violates Rule 84.04(c) may be a sufficient ground for dismissing an appeal, even though we have been hesitant to dismiss an appeal for such a rules violation. *Missouri Highway and Transportation Commission v. Taylor,* 839 S.W.2d 676, 678 (Mo.App. S.D.

1992). We hesitate to dismiss an appeal for this rule violation since we recognize that "the rules of civil procedure are to be liberally construed to promote justice and to minimize the number of cases disposed of on procedural questions." *Commerce Bank of Kansas City v. Conrad,* 560 S.W.2d at 391. Unlike in *Commerce Bank of Kansas City,* Brancato's statement of facts by itself is not such a flagrant failure of compliance with the rule that we are compelled to dismiss this appeal on that basis alone. However, given the cumulative effect of Brancato's failure to provide to us reviewable points relied on, a fair and concise statement of fact section, as well as a trial court transcript, Brancato's brief "falls far short of compliance with Rule 84.04." *Missouri Highway and Transportation Commission v. Taylor,* 839 S.W.2d at 679.

We have, ex gratia, made an attempt to ascertain Brancato's arguments. Without a transcript, Brancato's first two points cannot be addressed since they concern questions of fact that we are unable to review without a record. *Flora* 834 S.W.2d at 822. Brancato's third point, that all claims against Wholesale were not disposed of, also is unreviewable. We do not have copies of all the pleadings. Without the transcript, we are unable to determine which petition was tried or was contested.

■ Similarly, Brancato's failure to provide us with a transcript also defeats his claim that he was denied his right to a jury trial. The record shows that while originally the circuit court granted Brancato a jury trial, the case was eventually heard by the judge without a jury. "The right to a jury trial in a civil action at law is guaranteed in Missouri but it is a personal right which may be waived." *State ex rel. E.J. Cunningham, M.D. v. Luten,* 646 S.W.2d 67, 68 (Mo. banc 1983), § 510.190 RSMo 1994, Rule 69.01. A jury trial may be waived by entering into trial before the court without objecting to a trial without a jury. *Kansas City Downtown Minority Development Corporation v. Corrigan Associates Limited Partnership, et al.,* 868 S.W.2d 210, 225 (Mo.App. W.D.1994). We do not need to determine whether a jury trial was improperly denied as a sanction for

**556**

Brancato's failure to meet his court-ordered duty to file proper proposed jury instructions with the court. It appears a denial as a sanction would not be error, if that was the explanation. In the absence of a transcript, we have no reliable way of determining whether or not Brancato accepted and proceeded, or, objected to the bench trial.

■ Brancato's decision to proceed *pro se*, at trial and here, does not require that we come to a different result. *Mease*, 886 S.W.2d at 656. Although an appellant has every right to proceed *pro se, pro se* appellants are bound by the same rules of procedure as are lawyers, and are not entitled to any indulgences they would not have received if represented by counsel. *Jones* 887 S.W.2d at 808.

Respondent Wholesale Tool Co., Inc.'s motion to dismiss appeal is sustained.

RHODES RUSSELL, P.J., and SIMON, J., concur.