**James Steven RILEY, Plaintiff–Respondent,**

v.

**Fred W. HARTMAN, Jr. and Margaret E. Hartman, Defendants–Appellants.**

No. 22172.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 19, 1998.

Motion for Rehearing or Transfer
Denied Dec. 11, 1998.

David Potashnick, Potashnick Law Offices, Sikeston, for defendants-appellants.

Lynn N. Bock, New Madrid, for Respondent.

MONTGOMERY, Judge.

Plaintiff and Defendants, owners of adjoining lots in the City of New Madrid, Missouri, apparently disagreed over the boundary line between their property. Subsequently, Plaintiff commenced an action against Defendants seeking a declaration that Plaintiff owns "up to the line fence," and that "the fence be decreed to be the true line between lands" of the parties. Plaintiff based his claim on adverse possession of the property extending to the fence line.

At trial, the court heard testimony from eight witnesses and received into evidence numerous photographs, deeds, and other exhibits. On November 24, 1997, the trial court entered a judgment favorable to Plaintiff. Defendants appeal, mainly complaining that the trial court's judgment lacked evidentiary support.

■ The four-page statement of facts in Defendants' brief contains one sentence reciting facts relevant to the issues raised. The remainder of the four pages essentially deals with the procedural history of the case. Defendants' brief fails to comply with Rule 84.04.[1]

An appellant's brief "shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of 'Points Relied On.' " Rule 84.04(a).

■ Rule 84.04(c) requires that the "statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Appellant has the duty to define the scope of the controversy by stating the relevant facts fairly and concisely. *Amparan v. Martinez,* 862 S.W.2d 497, 498 (Mo.App. 1993). "The purpose of the statement of facts is 'to afford an immediate, accurate, complete and unbiased understanding of the facts of the case....' " *Id. (quoting White v. White,* 846 S.W.2d 212, 213 (Mo.App.1993)). "Violations of Rule 84.04(c) constitute grounds for dismissal of an appeal." *Id.*

In this case, Defendants attack the sufficiency of the evidence to support a judgment based on adverse possession. Even though eight witnesses testified, Defendants' statement of facts contains no reference to the testimony presented. In short, the statement of facts contains almost no facts relevant to the issues presented. As a result, this Court is not afforded an immediate, accurate, and complete understanding of the facts in this case.

■ A statement of facts which contains "practically no facts relating to any issue raised on this appeal" does not comply with Rule 84.04(c). *Mease v. McGuire,* 886 S.W.2d 654, 655 (Mo.App.1994). Failure to substantially comply with Rule 84.04(c) preserves nothing for appellate review. *Whalen v. College of the Ozarks, Inc.,* 851 S.W.2d 682, 683 (Mo.App.1993).

In *Thompson v. Thompson,* 786 S.W.2d 891 (Mo.App.1990), this Court discussed an inadequate statement of facts. We said:

Of course, perfection is not required, only reasonable compliance. Nevertheless, it is not the duty of an appellate court to become an advocate for the appellant and search the record for error; the judgment rendered is presumptively correct and the appellant has the burden to demonstrate that it is erroneous. *Massman Construction Co. v. Kansas City,* 487 S.W.2d 470, 478[6] (Mo.1972); *Pallardy v. Link's Landing, Inc.,* 536 S.W.2d 512, 515 (Mo. App.1976). If the court is to adjudicate the appeal without becoming an advocate for the appellant, the appellant must define the scope of the controversy by stating the relevant facts fairly and concisely. *Power v. Automobile Club Inter–Insurance Exchange,* 516 S.W.2d 541, 542[1] (Mo.App. 1974).

*Id.* at 892. Failure to comply with Rule 84.04(c) is more serious when the case presents a factual dispute. *Id.*

The instant case presents a factual dispute on whether Plaintiff adversely possessed property to a fence line. Defendants' complaints cannot be resolved without a full understanding of the complex evidence nec-

---

1. Rule references are to Missouri Court Rules (1998), unless otherwise indicated.

essarily presented in this type of case. "[A]dverse possession claims are unique and each case pivots on its own facts, including the nature and location of the property." *Kitterman v. Simrall,* 924 S.W.2d 872, 877 (Mo.App.1996). In the absence of relevant facts, stated fairly and concisely, this Court cannot adjudicate the appeal without becoming an advocate for Defendants. We decline to do so.

The appeal is dismissed.

GARRISON, C.J., and BARNEY, J., concur.