Mark S. LANDRY, Respondent,

v.

Tina M. MILLER f/k/a Tina M. Landry, Appellant.

No. WD 56331.

Missouri Court of Appeals, Western District.

Aug. 17, 1999.

John W. Dennis, Jr., Independence, for respondent.

Robert C. Paden, Jr., Independence, for appellant.

Before: EDWIN H. SMITH, P.J., HOWARD, J., and TURNAGE, Senior Judge.

EDWIN H. SMITH, Presiding Judge.

Tina M. Miller (formerly Landry) appeals from the judgment of the circuit court overruling her motion to modify its dissolution decree seeking to change the primary physical custody of the parties' minor children from the respondent, Mark S. Landry, to her, pursuant to § 452.410.[1]

In her sole point on appeal, the appellant claims that the trial court erred in overruling her motion to modify because the greater weight of the evidence supported the requisite finding to modify custody, under § 452.410, that it was in the children's best interests to change their primary physical custody from the respondent to her.

We affirm.

### Facts

On September 22, 1995, the marriage of the parties was dissolved by decree in the Circuit Court of Jackson County, Missouri. In the court's decree, the parties were awarded, *inter alia*, joint legal custody of their two minor children, Mark, born on April 24, 1986, and Crystal, born on November 17, 1987. Primary physical custody was awarded to the respondent with specific visitation to the appellant from Thursday at 6:00 p.m. to Sunday at 6:00 p.m. and alternating holidays. The appellant was ordered to pay child support to the respondent in the sum of $50 per month per child, beginning on July 1, 1995.[2]

On March 5, 1997, the appellant filed a motion to modify custody, and on March 20, 1998, filed an amended motion. In her motions, she requested, *inter alia*, that the primary physical custody of the parties' two children be changed from the respondent to her. In her amended motion, she alleged the following change in circumstances:

a. That the children desire to live with their mother, the [Appellant] herein;

b. That the [Respondent] lives in a two-bedroom house, in which the children (an 11–year–old boy and a 10–year–old girl) share a bed;[3]

c. That the [Appellant] has remarried and lives in a four-bedroom house, in which the children would not have to share a bed or a bedroom with each other;

d. That the [Respondent] will not cooperate with [Appellant] by relaying her telephone calls and letters to the children;

e. That the [Respondent] will not buy new clothes for the children;

f. That CRYSTAL MARIE LANDRY needs new eyeglasses, but [Respondent] refuses to purchase new ones for her;

g. That the [Respondent] goes out frequently and uses his brother as a baby sitter (*sic*) for the children.

The respondent filed a cross-motion requesting an increase in child support and payment of attorney's fees.

After hearing evidence, the trial court overruled the appellant's motion to modify, finding that the appellant had "failed to prove a continuing and substantial change on the part of the petitioner and/or the minor children, or that a change of custody is in the children's best interests." The court sustained the respondent's cross-motion for an increase of child support, increasing child support to $250 per month.

This appeal follows.

### Standard of Review

■ Our review of a judgment overruling a motion to modify child custody is governed by *Murphy v. Carron*, 536

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. *Per capita* child support awards are not authorized by Supreme Court Rule 88.01 or

§ 452.340. *Hicks v. Hicks*, 969 S.W.2d 840, 846 (Mo.App.1998).

3. No evidence of this allegation was admitted at trial.

S.W.2d 30 (Mo. *banc* 1976). *Bomar v. Kurtz*, 951 S.W.2d 657, 659 (Mo.App.1997). We will affirm the trial court's judgment so long as it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Id.* " 'When there is conflicting evidence, the trial court has the discretion to determine the credibility of the witnesses, accepting or rejecting all, part, or none of the testimony it hears.' " *Id.* (*quoting Guier v. Guier*, 918 S.W.2d 940, 946 (Mo.App.1996)). " 'Because the trial court is in the best position to weigh all the evidence and render a judgment based on the evidence, the judgment is to be affirmed under any reasonable theory supported by the evidence.' " *Id.* (*quoting Guier*, 918 S.W.2d at 946).

■ In reviewing a judgment as to child custody,

> "[a] great deal of caution should be exercised in considering whether a judgment should be set aside on the ground that it is against the weight of the evidence, and only then upon a firm belief that the judgment of the trial court was incorrect. In child custody matters the trial court's determination must be given greater deference than in other cases."

*Id.* (citations omitted) (*quoting Guier*, 918 S.W.2d at 946). In our review, we must view the evidence in the light most favorable to the decision of the trial court. *Id.*

### I.

In her sole point on appeal, the appellant claims that the trial court erred in overruling her motion to modify because the greater weight of the evidence supported the requisite finding for a modification of custody, under § 452.410, that it was in the children's best interests to change their primary physical custody from the respondent to her. We must affirm in that, for the reasons stated, *infra*, even if we were to assume, *arguendo*, that the appellant's claim, as asserted in her point relied on, is correct, she still would not be entitled to the appellate relief she seeks.

■ The appellant has the burden on appeal to demonstrate that the trial court's judgment was incorrect on any basis supported by the record and the applicable law. *Tri–State Motor Transit Co. v. Holt*, 921 S.W.2d 652, 656 (Mo.App.1996). As such, the appellant's failure to properly challenge a finding and ruling of the trial court that would support its judgment overruling her motion to modify would be fatal to her appeal.

■ Section 452.410.1, governing modifications of child custody decrees, provides, in pertinent part, that:

> the court shall not modify a prior custody decree unless … it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

Hence, under 452.410.1, in order for the appellant to be successful on her motion to modify custody, the trial court, before considering whether a modification was necessary to serve the best interests of the children, had to first consider and determine whether there had been a substantial and continuing change in the circumstances of the children or the respondent. *Bomar*, 951 S.W.2d at 660. With respect to this issue, the trial court overruled the appellant's motion, expressly finding that the evidence did not demonstrate that there had been a substantial and continuing change in the circumstances of the children or the respondent, as required by the statute to change custody. Thus, the appellant, on appeal, had the burden to successfully challenge this finding and ruling of the trial court in order to succeed on her claim that the trial court erred in overruling her motion to modify custody. *Tri–State Motor Transit Co.*, 921 S.W.2d at 656. This she failed to do.

■ Rule 84.04 [4] governs the filing of briefs with this court.

The purpose of requiring compliance with Rule 84.04(d) is to facilitate "full advocacy and affords opportunity for clarification by meaningful questions directed to [the] issues stated in the points relied on." [*Thummel v. King*, 570 S.W.2d 679, 686 (Mo. *banc* 1978)]. An appellate court should not be required to sift through the argument portion of the brief to ascertain the nature of the allegations asserted. *See id.* This is not only a waste of judicial time, but the court may interpret the contention differently than was intended by the party asserting the contention. *See id.* "If that happens, the appellate court has failed in its primary objective of resolving issues raised and relied upon in appeal." *Id.*

*In re Estate of Dean v. Morris*, 963 S.W.2d 461, 466 (Mo.App.1998). Furthermore, a brief which fails to comply with the rule "creates the possibility that the appellate court in an effort to fairly review the trial would become an advocate by speculating on the facts and arguments which have not been made. [An appellate] court should not be asked or expected to assume such a role." *Amparan v. Martinez*, 862 S.W.2d 497, 499 (Mo.App.1993).

■ To satisfy Rule 84.04(d), a point relied on must include three components: (1) a concise statement of the challenged ruling of the trial court; (2) the rule of law which the court should have applied; and (3) the evidentiary basis upon which the asserted rule is applicable. *In re Estate of Dean*, 963 S.W.2d at 466 (*citing Thummel v. King*, 570 S.W.2d 679, 686 (Mo. *banc* 1978)). In failing to comply with the rule by not raising an issue of alleged error in the points relied on, the issue is deemed abandoned on appeal by the appellate court. *Boland v. State Dep't of Soc. Servs., Div. of Child Support Enforcement*, 910 S.W.2d 754, 760 (Mo.App.1995).

■ Here, the appellant did not challenge, in her sole point relied on, the trial court's decision to overrule her motion to modify on the basis that she had failed to make the requisite showing of a substantial and continuing change of circumstances. A change of circumstances is never mentioned in her point relied on. Instead, it implicitly assumes that the trial court found that a substantial and continuing change of circumstances had occurred, but overruled her motion on the basis that the evidence did not support the additional requisite finding that a modification of custody was in the best interests of the children. Because the appellant did not challenge, as being incorrect, the trial court's ruling that her motion to modify should be overruled because the evidence did not support the requisite finding of a substantial and continuing change of circumstances, she cannot succeed on her appeal. *Tri–State Motor Transit Co.*, 921 S.W.2d at 656.

■ We recognize that appellate courts will grant review on the merits where the points relied on are deficient but the argument is sufficient in conjunction with the points relied on to ascertain the issues being raised. *See Willis v. Most Worshipful Prince Hall Grand Lodge of Mo. & Jurisdiction*, 866 S.W.2d 875, 877 (Mo.App.1993); *Mann v. City of Pacific*, 860 S.W.2d 12, 15 (Mo.App.1993). Here, however, the appellant's argument on her sole point on appeal is of little help in that the change of circumstances requisite finding is only mentioned briefly in relation to the best interests finding that is the subject of the appellant's stated point relied on, offering no discussion as to wherein and why the trial court's overruling her motion to modify was incorrect on the basis that there was no change of circumstances.

---

**4.** All rule references are to the Missouri Rules of Civil Procedure (1998), unless otherwise indicated.

■ We recognize also that as a general rule, "[a]ppellate courts are more tolerant regarding technical requirements [of Rule 84.04] when the questions presented relate to the welfare of children." *Rinehart v. Rinehart*, 877 S.W.2d 205, 206 (Mo. App.1994) (*citing Stamme v. Stamme*, 589 S.W.2d 50, 54 (Mo.App.1979)). Being more tolerant, however, does not mean that we can totally ignore the rule's requirements where to do so would put us in the position of becoming an advocate for the appellant, which would be the case here if we were inclined to review on the merits. *Amparan*, 862 S.W.2d at 499. This is so in that, given the fact that the appellant's brief essentially ignores the requisite change of circumstances finding, if we were to review on the merits, we would be required to speculate on the arguments which the appellant might make as to this issue. We cannot assume such a role. *Id.*

Finally, even if we were to review on the merits whether the trial court was incorrect in overruling the appellant's motion, on the basis that the record was insufficient to support the requisite finding of a substantial and continuing change of circumstances, the appellant would still not succeed. Even if challenged, and clearly it was not, a careful reading of the record reveals that there was sufficient evidence to support such a finding.

For these reasons stated, we find that the trial court did not err in overruling the appellant's motion to modify custody, because she failed to show a substantial and continuing change of circumstances as required by § 452.410 to modify custody.

Point denied.

### Conclusion

The judgment of the circuit court overruling the appellant's motion to modify its dissolution decree seeking to change the primary physical custody of the parties' minor children from the respondent to the appellant is affirmed.

All concur.