Alice YARNALL, by her Next Friend, Rea YARNALL, Plaintiff–Appellant,

v.

M. Hasan CHOUDHURY, M.D., Defendant–Respondent.

No. 23384.

Missouri Court of Appeals, Southern District, Division One.

Aug. 15, 2000.

Lawrence W. Ferguson, Lawrence W. Ferguson & Associates, Columbia, for Plaintiff–Appellant.

Cynthia O. MacPherson, MacPherson Law Center, Mountain Grove, for Defendant–Respondent.

KERRY L. MONTGOMERY, Judge.

Plaintiff appeals from the trial court's dismissal of her medical malpractice claim. Plaintiff contends the motion to dismiss failed to set forth grounds negating any necessary element of Plaintiff's case.

The statement of facts in Plaintiff's brief covers less than two pages. It refers only to the pleadings filed and orders of the court. Plaintiff's statement of facts is simply a chronological recitation of the trial court's docket entries and is nothing more than a procedural history of the case.

Rule 84.04(c)[1] provides that the statement of facts in an appellant's brief "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." "An appellant has the duty to define the scope of the controversy by stating the relevant facts fairly and concisely." *Chopin v. American Auto. Ass'n of Missouri*, 969 S.W.2d 248, 251 (Mo.App.1998). "The purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Haynes Family Corp. v. Dean*

*Properties, Inc.*, 923 S.W.2d 465, 466–67 (Mo.App.1996).

Plaintiff's statement of facts does not clearly and succinctly present the facts necessary to determine whether Plaintiff properly pled a claim for medical malpractice. "A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient." *Angle v. Grant*, 997 S.W.2d 133, 134 (Mo.App. 1999). *See Swift v. Baker*, 879 S.W.2d 735 (Mo.App.1994) (holding that a statement of facts which only consists of a procedural history of the case violates Rule 84.04(c)).

When faced with a deficient statement of facts, this Court has turned to an appellant's argument section seeking to obtain an understanding of the case. *State ex rel. Missouri Highway and Transp. Comm'n v. Pipkin*, 818 S.W.2d 688, 689–90 (Mo.App.1991). In *Pipkin*, the argument section of appellant's brief did not provide this Court with an accurate and complete understanding of the facts relevant to the issues raised, and no plain error review was afforded. *Id.* at 690. The same deficiency exists in this case as Plaintiff's argument fails to provide us with an immediate, accurate, and complete understanding of the facts relevant to the issues raised.

"Failure to substantially comply with Rule 84.04(c) preserves nothing for appellate review." *Riley v. Hartman*, 981 S.W.2d 159, 160 (Mo.App.1998). Accordingly, we dismiss the appeal.[2]

PARRISH, P.J., and SHRUM, J., concur.

---

1. Rule references are to Missouri Court Rules (2000).

2. We agree with Defendant's further contention that Plaintiff's point relied on violates the requirements of Rule 84.04(d). However, due to the serious deficiencies of Plaintiff's state-

ment of facts, we need not expound on other briefing shortcomings.