Ralph D. CLARK, Appellant,

v.

TRADERS INSURANCE COMPANY,
Respondent.

No. WD 53255.

Missouri Court of Appeals,
Western District.

Sept. 23, 1997.

H. Kent Desselle, Independence, for appellant.

Kent M. Bevan, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and SPINDEN and HOWARD, JJ.

1. All statutory references are to the Revised Statutes of Missouri 1994, unless otherwise indicat-

**HOWARD, Judge.**

After his home was damaged by fire, Ralph D. Clark filed suit against the insurer, Traders Insurance Company, and the trial court entered summary judgment in favor of Traders. Mr. Clark now appeals, claiming that Traders failed to pay him the full amount recoverable under his homeowners policy pursuant to § 379.140, RSMo 1994,[1] and that Traders failed to comply with § 379.150, which allows the homeowner to choose between receiving damages for his loss and having the insurance company repair the damage to his house.

The judgment of the trial court is affirmed in part and reversed in part.

On December 31, 1994, Mr. Clark's home in Kansas City, Missouri, was damaged by fire. Pursuant to the terms of his policy, Mr. Clark provided Traders with a sworn statement which set forth his calculation of the amount of his loss. His policy further provided that, in the event he and Traders disagreed on the amount of his loss, either he or Traders could

demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within twenty (20) days of the written demand. The two appraisers shall then select a competent, impartial umpire.... If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss.

Mr. Clark retained Don Hartley, a public adjuster, to represent him in his claim on the policy, and Mr. Hartley requested that the amount of loss be set by appraisal. On May 19, 1995, the umpire and the Traders appraiser agreed that the amount of Mr. Clark's loss was $30,971.44.

On January 27, 1995, May 26, 1995, June 13, 1995, and June 21, 1995, Traders

ed.

mailed settlement drafts in payment of Mr. Clark's claim on the policy. On May 26, 1995, Mr. Hartley wrote Traders, stating that Mr. Clark was withdrawing his request for appraisal and electing the option to repair under § 379.150. Nevertheless, every draft issued to Mr. Clark in settlement of the appraisal award was endorsed by Mr. Clark and paid. In all, the following drafts were drawn by Traders:

1. On January 27, 1995, Traders issued a $100.00 draft payable to Mr. Clark for board up expense. The draft was endorsed by Mr. Clark and paid.

2. On January 27, 1995, Traders issued a $300.00 draft payable to Mr. Clark for advancement on personal property. The check was endorsed by Mr. Clark and paid on January 31, 1995.

3. On May 26, 1995, Traders issued a draft for $6,579.04 payable to the City of Kansas City for the debris removal lien. The draft was endorsed and paid.

4. On May 26, 1995, Traders issued a draft for $3,855.28 payable to Mr. Clark and Hartley Public Adjusters. The draft was labeled as "in full settlement of the personal property coverages, minus advancement." The check was endorsed by Mr. Clark, stamped by Hartley Adjusters, and paid on May 31, 1995.

5. On May 26, 1995, Traders issued a draft for $750.00 payable to Mr. Clark and Hartley Public Adjusters. The draft was labeled "in full settlement of loss of use coverage." The draft was endorsed by Mr. Clark and Hartley Public Adjusters, and paid on May 31, 1995.

6. On May 26, 1995, Traders issued a draft for $942.10 payable to the City of Kansas City for the debris removal lien. The draft was paid on June 20, 1995.

7. On June 13, 1995, Traders issued a draft in the sum of $50.00 payable to Mr. Clark and Hartley Public Adjusters. The draft was labeled "additional payment for personal property on his previous payments." The draft was endorsed by Mr. Clark and Hartley Public Adjusters and paid on June 21, 1995.

8. On June 21, 1995, Traders issued a draft in the sum of $22,563.42 payable to Mr. Clark, Hartley Public Adjusters, and Helen and Leroy Guengerich, mortgagees. The draft was labeled "in full and final settlement of dwelling fire minus dangerous building code of 25%, City of Kansas City." When the Guengeriches endorsed the draft, Mr. Hartley had covered the descriptive label with a line drawn by a black marker. The Guengeriches and Mr. Clark endorsed the check, and it was paid on June 30, 1995.

Later, Mr. Clark filed a petition for damages which set forth two alternative claims for relief. Count I presented a claim for total loss of property pursuant to Missouri's valued policy statute, § 379.140. Count II presented a claim for a partial loss of property, and alleged that Traders violated § 379.150 by not allowing him to exercise the option to repair. Traders then filed a motion for summary judgment which set forth three grounds for disposing of the litigation: that Traders had paid Mr. Clark all the money due under the policy by paying the amount awarded pursuant to the appraisal process; that Mr. Clark's acceptance and endorsement of drafts containing release language constituted a release and an accord and satisfaction; and that Mr. Clark waived his right to exercise the option to repair. The trial court granted summary judgment to Traders on both counts of Mr. Clark's petition.

■ In his first point on appeal, Mr. Clark claims that the fire resulted in a total loss of his property, and, consequently, Traders violated § 379.140 by not paying him the full amount recoverable under the policy. Therefore, according to Mr. Clark, the trial court erred by granting Traders summary judgment on the first count of his petition.

In its order granting summary judgment to Traders, the trial court concluded that Mr. Clark could not, as a matter of law, prevail on Count I of his petition because the appraisal award was binding upon the parties, and because Mr. Clark's acceptance of the drafts constituted an accord and satisfaction. However, both of these conclusions are contrary to this court's holdings in *Petrovic v. Standard Fire Ins. Co.*, 237 Mo.App. 290, 167 S.W.2d 412 (1943). In *Petrovic*, which con-

cerned a previous version of § 379.140, this court held that the arbitration process of appraisal and award has no application to a claim of total loss, and that an insured's action of accepting and cashing a settlement draft does not defeat the insured's claim for a total loss under the valued policy statute. 167 S.W.2d at 415–16.

Summary judgment is granted only when there is no genuine issue of material fact, and the burden is on the movant to show that there is no such issue of fact and that the movant is entitled to judgment as a matter of law. *Evans v. Eno,* 903 S.W.2d 258, 259 (Mo.App. W.D.1995). In the case before us, Mr. Clark's claim of a total loss was not defeated by the arbitration process or by his acceptance of the settlement drafts, and Traders did not make a showing that there was no genuine issue of material fact concerning Mr. Clark's claim of a total loss. Therefore, the trial court erred by granting summary judgment to Traders on Count I of Mr. Clark's petition.

■ In his second point on appeal, Mr. Clark claims that Traders failed to comply with § 379.150 by not allowing him to elect the option to repair. Therefore, Mr. Clark contends, the trial court erred by granting Traders summary judgment on the second count of his petition.

■ In our disposition of Mr. Clark's first point on appeal, we determined that an insured's action of accepting and cashing a settlement draft does not defeat the insured's claim for a total loss under the valued policy statute. This is because, under § 379.140, there is no dispute as to the amount to be awarded, as the insured is entitled to the full policy amount. *See Spencer v. Farmers' Mut. Ins. Co. of Sullivan County, Mo.,* 65 S.W.2d 665, 665–66 (Mo.App. W.D.1933); *Petrovic,* 167 S.W.2d at 416. Where there is a dispute as to the amount to be awarded in a claim for partial loss under § 379.150, the same rationale does not apply. When an insurance claim involves a genuinely disputed amount, and when an insured accepts—in settlement of that claim—a draft designated as payment in full, an accord and satisfaction results. 15A Couch on Insurance 2d § 59:66, at 557–58 (Rev. ed.1983).

■ Missouri law is in agreement that where a claim is unliquidated or in dispute, where a check has been tendered on the express condition that acceptance thereof shall be deemed to be satisfaction in full, and where the payee cashes the check, an accord and satisfaction results even though the conditional language on the check has been struck out or modified. *Helton Const. Co., Inc. v. Thrift,* 865 S.W.2d 419, 424 (Mo.App. S.D.1993). Mr. Clark argues that the common law rule of accord and satisfaction is abrogated by UCC § 400.1–207, which states that:

> A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as without prejudice, under protest or the like are sufficient.

However, Mr. Clark's argument is without merit, as § 400.1–207, by its own terms, does not apply to accord and satisfaction.

Because Mr. Clark accepted and cashed the settlement draft in the case at bar, he cannot seek further relief for a partial loss pursuant to § 379.150. Therefore, the trial court did not err by granting summary judgment in favor of Traders on Count II of Mr. Clark's petition. Obviously, this court has no opinion on the merits of Count I of Mr. Clark's petition; however, should Mr. Clark prevail under § 379.140, the recoverable amount of the full value of the policy would be reduced by the amount already received in settlement.

The trial court's granting of summary judgment on Count II of Mr. Clark's petition is affirmed. The trial court's granting of summary judgment on Count I of Mr. Clark's petition is reversed, and the cause is remanded for further proceedings consistent with this opinion.

All concur.