**Patrice RHODES, Appellant,**

v.

**Dan ZHANG, Respondent.**

No. ED 75284.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 21, 1999.

Motion for Rehearing and/or Transfer to Supreme court Denied Dec. 9, 1999.

**8**

Patrice Rhodes, St. Louis, pro se.

Before RICHARD B. TEITELMAN, P.J., CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

Plaintiff Patrice Rhodes ("appellant") appeals from a judgment of the St. Charles County Circuit Court against Defendant Dan Zhang ("respondent") in the amount of $388.90 plus costs. Because an improper record was filed, we must dismiss the appeal.

No transcript or respondent's brief was filed. We therefore glean the facts from appellant's brief. Appellant purchased a computer from respondent for $489.90. A 90–day warranty was included as part of the purchase. After experiencing problems with the computer during the warranty period, appellant delivered the computer to respondent for servicing. Respondent demanded $20 for his services. When appellant refused to pay the $20, respondent refused to return the computer or refund the purchase price.

After bringing suit in Small Claims Court, appellant was awarded $515.62 in damages for both the purchase price of the computer and court costs. Pursuant to section 512.180 RSMo (Supp.1998), respondent exercised his right to a trial de novo. A bench trial was conducted on the record, and the court awarded appellant $388.90 in damages plus court costs. Appellant filed this appeal.

■ It is appellant's duty to provide a full and complete record on appeal. *Brancato v. Wholesale Tool Co., Inc.*, 950 S.W.2d 551, 554 (Mo.App.1997). The record on appeal shall contain all the record, proceedings and evidence necessary to the determination of all questions to be presented to the appellate court for decision. Rule 81.12(a). Appellant asserts that the trial court erred because she is entitled to damages for the entire purchase price of the computer under a breach of an express warranty claim. However, she failed to file a transcript of the trial proceedings as required by Rule 81.12(a), and the record that she filed is devoid of any evidence whatsoever. Her claims of trial court error require a review of the evidentiary bases for the trial court's decision. *Brancato*, 950 S.W.2d at 555. Without a transcript, we cannot rule on the issues raised by appellant with any degree of confidence in the reasonableness, fairness, and accuracy of our final conclusion. *Id.* at 554.

The appeal is dismissed.