**John JAGGIE, Glenda Jaggie, and Jason Jaggie, Plaintiffs/Respondents,**

v.

**Cathy ATTARAN, Defendant/Appellant.**

**No. ED 79822.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 19, 2002.

Paula Jane Coughlin, Cynthia H. Stevens, St. Louis, MO, for respondents.

Robert K. Kerr, Joseph T. Madrid, John M. Heyl & Associates, Belleville, IL, for defendant.

Before WILLIAM H. CRANDALL, Jr., P.J., KATHIANNE KNAUP CRANE, J. and ROBERT G. DOWD, Jr., J.

PER CURIAM.

Plaintiff, Jason Jaggie, filed a petition against defendant, Cathy Attaran, to recover property damage to the automobile he was driving in a collision with defendant. Plaintiff amended his petition to show that he was filing the action as a minor, through his natural father and next friend, John Jaggie. Five months before trial, Jason Jaggie disclosed in discovery that his parents, John Jaggie and Glenda Jaggie, were the owners of the automobile.

On the morning of trial, defendant moved for a judgment on the pleadings on the grounds that John Jaggie and Glenda Jaggie were the real parties in interest as owners of the vehicle, were not parties to the lawsuit, and, pursuant to Rule 52.01, were the only parties permitted to prosecute the property damage claim. She further asserted that Jason Jaggie was not a real party in interest because he was not an owner of the vehicle. The trial court denied defendant's motion for judgment on the pleadings.

At the same time, plaintiff filed a "motion to amend caption by interlineation." The trial court granted the motion and amended the caption to "John Jaggie, Glenda Jaggie, and Jason Jaggie, plaintiffs v. Cathy Attaran, defendant."

The case proceeded to trial and the jury returned a verdict in plaintiffs' favor. The

jury allocated 85% fault to defendant and 15% to Jason Jaggie and ordered defendant to pay damages of $3,042.82. The trial court entered judgment on the jury verdict. Defendant appeals.

For her sole point relied on, defendant asserts:

> The trial court abused its discretion in denying defendant's motion for judgment on the pleadings and granting plaintiff's motion to amend caption by interlineation because the granting of plaintiff's motion to amend prejudiced defendant in the defense of her case.

This is followed by three subpoints. While neither this point, nor the subpoints, comply with Rule 84.04(d), our greater concern is the fact that defendant has not filed a transcript.

 Defendant argued that all of the questions she presented could be decided without the transcript. We disagree. Without a transcript, this court cannot determine the specific issue that defendant asks us to decide: whether defendant was prejudiced in the defense of her case. We cannot assume prejudice based on a hypothetical or speculative analysis of the effect of the amendment.

■ Rule 81.12(a) provides that the record on appeal shall contain all of the record, proceedings, and evidence necessary to the determination of all questions to be presented to us. This rule requires an appellant to file a transcript and prepare a legal file so that the record contains all the evidence necessary to determine the questions presented to this court to decide. *Bastain v. Brown*, 28 S.W.3d 494, 495 (Mo. App.2000). Without the required record, there is nothing for this court to review. *Id.*

■ Although Rule 81.12(c) allows a respondent who is dissatisfied with the record on appeal to add to that record and Rule 81.12(e) allows this court to order supplements to the record, these provisions do not relieve an appellant of the duty to compile the record and to order the transcript. "If an appellant desires review of an issue it is his duty to furnish a transcript containing all the records, proceedings and evidence relating thereto." *Ellis v. Farmers Ins. Group*, 659 S.W.2d 3, 4 (Mo.App.1983). If an appellant fails to provide this court with a record containing everything necessary to determine all questions presented to this court, the appeal must be dismissed. *Buford v. Mello*, 40 S.W.3d 400, 402 (Mo.App.2001); *Rhodes v. Zhang*, 7 S.W.3d 7, 8 (Mo.App.1999); *Bastain*, 28 S.W.3d at 495; *Martin v. Missouri Dep't of Social Servs.*, 997 S.W.2d 48, 49 (Mo.App.1999).

Appeal dismissed.