**In re the MARRIAGE OF William G. MAGERS and Sharon F. Magers.**

**William G. Magers, Petitioner–Respondent,**

**and**

**Sharon F. Magers, Respondent–Appellant.**

**No. 25687.**

Missouri Court of Appeals, Southern District, Division One.

March 2, 2004.

Randy S. Anglen, Branson, for appellant.

Charles B. Cowherd, Husch & Eppenberger, L.L.C., Springfield, for respondent.

JAMES K. PREWITT, Judge.

Sharon F. Magers (Appellant) appeals from a decree of dissolution of her marriage to William G. Magers (Respondent). Appellant claims that there was insufficient evidence to support the finding that the marriage was irretrievably broken, and that the Family Court Commissioner erred in denying her motion for continuance.

The parties were married on November 4, 2000. There were no children born to this marriage. Both had been married previously, and each possessed separate assets and property. Appellant holds a doctorate in counseling and was employed in Kimberling City prior to and after the marriage. Respondent is a banker and businessman in the Springfield area.

Prior to the marriage, the parties negotiated and executed a prenuptial agreement. This agreement was signed on October 18, 2000. Among other provisions, the prenuptial agreement provides that Respondent is responsible for all "marital expenses," as well as operating expenses related to Appellant's automobile for the duration of the marriage. In addition, Respondent is also required to pay a "monthly allowance" in the amount of $2,000.00 to Appellant as long as the parties are married. The agreement further provides that both parties waive any claim for maintenance in the event of dissolution.

Following their marriage, Appellant and Respondent lived together in Springfield at Respondent's separate residence, title to which, according to the terms of the prenuptial agreement, Respondent transferred from his irrevocable trust into the joint names of the parties to serve as the couple's marital residence. Respondent also executed certain trust documents creating provisions for Appellant in the event Respondent should predecease Appellant, as provided in the agreement.

The couple separated in September, 2001, when Appellant left the marital home and took up residence at her former home in Branson. Respondent filed a petition for dissolution of marriage on October 24, 2001, alleging that there was no reasonable likelihood that the marriage could be preserved and was, therefore, irretrievably broken.

On January 17, 2003, a hearing was held to determine the validity and enforceability of the couple's prenuptial agreement. Also heard were the parties' arguments concerning Appellant's motion for continuance, filed on the same date. Continuance was denied pursuant to the trial court's finding "that the parties have had ample opportunity to prepare for the hearing on the issue of the validity of the" prenuptial agreement. An order determining the issue of the validity of the prenuptial agreement was filed on February 10, 2003, wherein the trial court found that the terms of the parties' prenuptial agreement are "fair, reasonable and not unconscionable so as to be valid and enforceable."

A decree of dissolution was entered on April 14, 2003. It is from this judgment that Appellant now appeals, presenting two points relied on.

■ This court must affirm a dissolution judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Crews v. Crews*, 949 S.W.2d 659, 663 (Mo.App.1997). "The burden of demonstrating error is on the party challenging the divorce decree." *Lewis v. Lewis*, 978 S.W.2d 64, 66 (Mo. App.1998). The evidence and any reasonable inferences therefrom are viewed in the light most favorable to the trial court's

judgment. *Thomas v. Thomas,* 989 S.W.2d 629, 633 (Mo.App.1999).

■ In her first point, Appellant contends that the trial court erred in finding that the marriage was irretrievably broken because she denied the same in her answer and there was no evidence before the trial court or finding of any of the five circumstances specified in § 452.320.2, RSMo 2000 to support the trial court's determination that the marriage was irretrievably broken.[1]

To Respondent's averment in his petition that the marriage was irretrievably broken, Appellant responded that she was "without sufficient knowledge to admit or deny the allegations." This, she maintains, is a denial under Rule 55.07, which states: "If the responding party is without knowledge or information sufficient to form a belief as to the truth of a specific averment, the party shall so state, and this has the effect of a denial." *See Foster v. Village of Brownington,* 76 S.W.3d 281, 286 (Mo.App.2002).

Respondent points out that Appellant's Answer is unverified, and that "[t]he requirement for verification of both the petition and the answer under Section 452.310 is jurisdictional[,]" according to *Hibdon v. Hibdon,* 589 S.W.2d 646, 648 n. 1 (Mo.App. 1979).[2]

However, the issue before us is not trial court jurisdiction; rather, we must determine the applicability of § 452.320.2 under the circumstances here. Section 453.320.1 states:

If both of the parties by petition or otherwise have stated under oath or affirmation that the marriage is irretrievably broken, or one of the parties has so stated and the other has not denied it, the court, after considering the aforesaid petition or statement, and after a hearing thereon shall make a finding whether or not the marriage is irretrievably broken and shall enter an order of dissolution or dismissal accordingly.

That § 452.320.1 "contemplates a verified denial" is decided in *McCallister v. McCallister,* 809 S.W.2d 423, 426 (Mo.App. 1991). This District in *McCallister,* reconciling § 452.305.2 with § 452.320.1, stated:

We believe that to hold that the legislature did not intend that the denial mentioned in § 452.320.1 be a denial under oath would yield the absurd result that an unsworn denial of irretrievable breakdown of the marriage would require a legal separation decree (if requested) under § 452.305.2 but a sworn denial would require the court to apply § 452.320.2 and grant different relief.

To make § 452.320 a "consistent, homogenous whole," to harmonize all provisions of the Dissolution of Marriage Act, and avoid an absurd result, we hold the legislature intended the denial in § 452.320.1 to be a sworn denial. Because the denial by the wife that the marriage was irretrievably broken was not verified, there was no denial of that allegation for purposes of § 452.320.1. *Id.* at 428.

We find that § 452.320.2 does not apply here, as Appellant's denial was not veri-

---

1. Relevant to this discussion, § 452.320.2 requires that, in the event "one of the parties has denied under oath or affirmation that the marriage is irretrievably broken," the court shall, after considering all relevant factors and after hearing the evidence, either (1) make a finding whether or not the marriage is irretrievably broken, or (2) continue the matter for further hearing. In making its finding

of whether or not the marriage is irretrievably broken, the petitioner must prove one or more of five factual scenarios set forth in § 452.320.2(1)(a) through (e).

2. Section 452.310.5 provides, in pertinent part, that the respondent in a dissolution proceeding "shall file a verified answer[.]"

fied; thus, there was no denial of the allegation that the marriage was irretrievably broken for purposes of § 452.320.1. Point I is denied.

 In Appellant's second point, she assigns error to the Family Court Commissioner's denial of her motion for continuance, contending that he denied her the right to engage in discovery and forced her to defend her position without the benefit of adequate discovery. The motion for continuance referenced by Appellant is not included in the legal file submitted with this appeal.

Rule 81.12(a) provides that the record on appeal shall be filed by an appellant and shall "contain all of the record, proceedings, and evidence necessary to the determination of all questions to be presented to us." *Jaggie v. Attaran*, 70 S.W.3d 595, 597 (Mo.App.2002). "Although Rule 81.12(c) allows a respondent who is dissatisfied with the record on appeal to add to that record and Rule 81.12(e) allows this court to order supplements to the record, these provisions do not relieve an appellant of the duty to compile the record[.]" *Id.* Here, the motion for continuance is the subject of the proposed point on appeal, without which review and evaluation of Appellant's claim of error cannot proceed. Point II is denied.

The judgment is affirmed.

BARNEY, P.J., and GARRISON, J., concur.