2

**STATE of Missouri ex rel. Jeremiah W. (Jay) NIXON, the Missouri Department of Natural Resources, and the Missouri Clean Water Commission, Respondents,**

v.

**MILL CREEK SEWERS, INC., and Joseph P. Afshari, Appellants.**

**No. ED 84183.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 15, 2005.

Application for Transfer to Supreme Court Denied April 5, 2005.

Mary Jamis Kresyman, Clayton, MO, for appellants.

Cheryl Caponegro Nield, Asst. Atty. Gen, Harry D. Bozoian, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

Mill Creek Sewers, Inc., and Joseph P. Afshari appeal from the trial court's judgment assessing a monetary penalty against the appellants. Because the appellants have failed to supply this Court with an adequate record on appeal, we dismiss the appeal.

In June of 1998, following a bench trial, the trial court entered judgment against the appellants requiring appellants to upgrade their wastewater treatment facility pursuant to a schedule and to pay an upfront $14,000 civil penalty. The judgment also set forth a schedule of penalties in the event appellants failed to comply with any of the compliance dates specified in the judgment. In September of 2003, the State of Missouri, the Missouri Department of Natural Resources, and the Missouri Clean Water Commission filed a motion for assessment of stipulated penalties. Based on evidence presented at prior hearings[1] and the evidence presented at the hearing on the State's motion, the trial court found the appellants had failed to comply in all respects with the trial court's June 1998 judgment. In particular, the trial court found that the appellants had failed to timely upgrade their wastewater treatment facility at Mill Creek and had failed to pay the full civil penalty. The trial court noted that the appellants' own evidence, as well as the State's evidence, established appellants' failure to comply. Accordingly, the trial court, in its judgment in this case, ordered the appellants to pay $558,000 to the State in accordance with the schedule of penalties set forth in the June 1998 judgment. The appellants filed this appeal.

It is an appellant's duty to provide a full and complete record on appeal. *Rhodes v. Zhang*, 7 S.W.3d 7, 8 (Mo.App. E.D.1999). Rule 81.12(a) provides that the record on appeal shall contain all of the record, proceedings, and evidence necessary to the determination of all questions to be presented to us. This rule requires an appellant to file a transcript and prepare a legal file so that the record contains all the evidence necessary to determine the questions presented to this Court to decide. *Jaggie v. Attaran*, 70 S.W.3d 595, 597 (Mo. App.E.D.2002) *citing Bastain v. Brown*, 28 S.W.3d 494, 495 (Mo.App. E.D.2000). Without the required record, there is nothing for this Court to review. *Id.*

The appellants here claim the trial court abused its discretion in assessing the fine. However, the appellants failed to file a transcript of the hearings the trial court conducted on the assessment of penalties. The legal file reflects that trial proceedings were recorded. The appellants' claims of trial-court error require a review of the evidentiary bases for the trial court's decision. If an appellant fails to provide this Court with a record containing everything necessary to determine all questions presented to this Court, the appeal must be dismissed. *Jaggie*, 70 S.W.3d at 597; *Buford v. Mello*, 40 S.W.3d 400, 402 (Mo.App.2001); *Bastain*, 28 S.W.3d at 495; *Rhodes*, 7 S.W.3d at 8. At oral argument the appellants requested plain-error review of an unbriefed issue. We decline such review.

Appeal dismissed.

LAWRENCE G. CRAHAN, J., and MARY K. HOFF, J., concur.

1. Minute entries reflect that, subsequent to the trial court's June 1998 judgment, the parties appeared and presented evidence before the trial court on several occasions.