**Jimmy CULLEY, Appellant,**

v.

**ROYAL OAKS CHRYSLER JEEP, INC., Respondent,**

and

**Missouri Chamber of Commerce Group, Respondent.**

**No. ED 88528.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 6, 2007.

---

David G. Bender, St. Louis, MO, for appellant.

Mary Anne Lindsey, Carl Kessinger, St. Louis, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Jimmy Culley ("Claimant") appeals the denial of worker's compensation benefits from the Labor and Industrial Relations Commission ("Commission"). Based on Claimant's failure to adhere to the rules of appellate practice, we dismiss Claimant's appeal.

## I. DISCUSSION

Claimant's brief violates several provisions of Rule 84.04. Failure to substantially comply with Rule 84.04 preserves nothing for our review and warrants dismissal of the appeal. *McCullough v. McCullough,* 195 S.W.3d 440, 442 (Mo. App. S.D.2006).

First, we note Claimant's statement of facts violates Rule 84.04(c). This provision of the Rule requires a Claimant's brief to contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *In re Marriage of Shumpert,* 144 S.W.3d 317, 320 (Mo.App. E.D.2004) (quoting *Kent v. Charlie Chicken, II, Inc.,* 972

S.W.2d 513, 515 (Mo.App. E.D.1998)). We are unable to decipher Claimant's statement of facts to determine the pertinent facts of this appeal.

■ Second, neither of Claimant's points complies with Rule 84.04(d)(1). This Rule specifies that the points shall be in substantially the following form: "The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]." Rule 84.04(d)(1). "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *In re Marriage of Shumpert*, 144 S.W.3d at 320 (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). This Rule gives notice to the opposing parties of the precise matters that must be contended with and to inform the court of the issues presented for review. *Id.*

■ Claimant's points relied on fail to comply with the requirements set forth in Rule 84.04(d). The points relied on do not identify the rule of law the trial court should have applied, nor do they specify the evidentiary basis supporting the application of the rule of law suggested. *See* Rule 84.04(d)(1). They also fail to set out the legal bases for reversal and explain in summary fashion why, in the context of the case, reversal is mandated on the legal grounds asserted. "It is not sufficient to merely set out what the alleged errors are, as [Appellant] has done in this case, without stating why the ruling is erroneous." *In re H.B.*, 165 S.W.3d 578, 582 (Mo.App. S.D.2005) (quoting *Murphy v. Aetna Cas. & Sur. Co.*, 955 S.W.2d 949, 950 (Mo.App. S.D.1997)). In addition, Claimant's points relied on do not intelligibly identify the issues being raised on appeal. Lastly, Claimant's points relied on violate Rule 84.04(d)(4), which provides that "[a]bstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). "We cannot begin to interpret Appellant's points as stated because we would be forced to act as an advocate for Appellant," and that is not our function. *In re H.B.*, 165 S.W.3d at 582.

Finally, Claimant's brief does not comply with Rule 84.04(i)'s requirement that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." Rule 84.04(i). The argument portion of Claimant's brief is devoid of any reference to the record on appeal.

Since Claimant's brief fails to comply with Rule 84.04, his brief preserves nothing for our review and is inadequate to invoke the jurisdiction of this Court. *Livingston v. Schnuck Mkts., Inc.*, 184 S.W.3d 617, 619 (Mo.App. E.D.2006) (citing: *Gant v. Lou Fusz Motor Co.*, 153 S.W.3d 866, 866 (Mo.App. E.D.2004); *Davis v. Coleman*, 93 S.W.3d 742, 743 (Mo.App. E.D. 2002)). "This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency." *Davis v. Coleman*, 93 S.W.3d at 743 (citing *Thummel v. King*, 570 S.W.2d at 686).

## II. CONCLUSION

Due to these deficiencies, we dismiss Claimant's appeal.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., Concur.