Tyrone SMITH, Appellant,

v.

CITY OF ST. LOUIS CIVIL SERVICE COMMISSION, Respondent.

No. ED 88653.

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 2007.

Tyrone Smith, St. Louis, MO, pro se.

Maribeth McMahon, City Counselor's Office, St. Louis, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., MARY K. HOFF, J., and NANNETTE A. BAKER, J.

PER CURIAM.

Tyrone Smith ("Smith") appeals *pro se* from a judgment of the trial court affirming the decision of the Civil Service Commission ("the Commission") to uphold Smith's termination from his employment with the City of St. Louis. In his sole point on appeal, Smith claims that the trial court erred in upholding the Commission's decision to terminate Smith. Because Smith's appellate brief fails to comply with the appellate briefing requirements as provided by Rule 84.04,[1] we grant the Commission's motion to dismiss the appeal.

1. All rule references are to Mo. Rules Civ. P. 2000, unless otherwise indicated.

■ *Pro se* appellants are held to the same standards as are attorneys and must comply with the Supreme Court Rules, including Rule 84.04. *Gant v. Lou Fusz Motor Co.*, 153 S.W.3d 866, 866 (Mo.App. E.D.2004). Rule 84.04 provides the requirements for appellate briefs, and an appellant's failure to comply with the rules and requirements of appellate procedure constitutes grounds for our dismissal of the appeal. *Id.*

An appellant's brief must contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). The appellant's brief must contain a "Point Relied On" for each claim of error that: 1) identifies the ruling or action of the trial court the appellant challenges; 2) concisely states the legal reasons for the appellant's claim of reversible error; and 3) summarily explains why, in the context of the case, the stated legal reasons support the appellant's claim of reversible error. Rule 84.04(d)(1). The appellant's brief also must contain an argument section that substantially follows each "Point Relied On," includes a concise statement of the applicable standard of review for each claim of error, and advises the appellate court of how the facts of the case and principles of law interact. Rule 84.04(e).

■ Smith has failed to comply with Rule 84.04 so substantially that his appeal is unreviewable. First, Smith's statement of facts contains few facts, but instead recites irrelevant information, impermissible arguments, and abstract statements of law, all of which violate Rule 84.04(c). Second, Smith's sole point relied on fails to state concisely the specific legal reason for the trial court's alleged error or to explain why that legal reason constitutes error in the context of the case, thereby violating Rule 84.04(d). Third, this point is not followed by any citation of authorities as required by Rule 84.04(d)(5).

■ The argument does not contain a statement of the applicable standard of review. Further, the argument does not present any legal analysis supporting a claim of reversible error. "If a party fails to support a contention ... with argument beyond conclusions, the point is considered abandoned." *Coleman v. Gilyard,* 969 S.W.2d 271, 274 (Mo.App. W.D.1998). Finally, Smith's brief fails to cite to any legal authority whatsoever.

Because of its substantial failure to comply with Rule 84.04, this brief is inadequate to invoke the jurisdiction of this court and preserves nothing for review. This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

Appeal dismissed.