**Penny HAMPTON, Plaintiff,**

v.

**Daniel R. FRANCIS, Appellant,**

**City of St. Louis, Respondent.**

**No. ED 88337.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 12, 2007.

James S. Collins II, St. Louis, MO, for appellant.

Timothy J. Ahrenhoersterbaeumer, Chesterfield, MO, for plaintiff.

Daniel Emerson, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Daniel Francis appeals from a judgment of the Circuit Court of the City of St. Louis in favor of the City of St. Louis. In his sole point on appeal, Francis contends that the trial court erred in sustaining the City's objections to photographs Francis attempted to admit into evidence. Be-

cause Francis's brief wholly fails to comply with Rule 84.04, we dismiss.

## Statement of the Facts and Proceedings Below

On the afternoon of May 28, 2004, Francis was driving a 1990 Ford Mustang near the intersection of Brannon and Fairview Avenues in the City of St. Louis. Francis collided with a vehicle driven by Penny Hampton. Francis claimed that due to an overgrown tree that blocked his view of a stop sign at the intersection of Brannon and Fairview Avenues, Francis was unable to stop his vehicle.

Hampton sued Francis for damages. Thereafter, Francis brought a third party claim against the City of St. Louis seeking monetary damages for property damage and contribution for any judgment in favor of Hampton. As the basis for his claim against the City, Francis alleged that the City failed to properly trim or otherwise maintain a tree in the area of the collision. At trial, Francis attempted to prove his case against the City by offering photographs allegedly showing that after the accident the City trimmed the tree in question. The trial court sustained the City's objection to the photographs. The jury rendered a verdict assessing 100% fault against Francis and the trial court entered judgment against Francis. Francis filed a Motion for New Trial which the trial court denied. This appeal followed.

## Discussion

Francis sole point on appeal is as follows:

The trial court abused its discretion and committed reversible, prejudicial error in sustaining respondent's objections to the scene photographs taken after the respondent trimmed the tree showing the view of appellant.[1]

Francis's point on appeal fails to meet the requirements of Rule 84.04(d)(1). The requirements of Rule 84.04(d) are mandatory. *Mitchell v. Briscoe*, 803 S.W.2d 617, 618 (Mo.App. E.D.1990). Specifically, Francis fails to "state concisely the legal reasons for the appellant's claim of reversible error" in violation of Rule 84.04(d)(1)(B) and fails to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error" in violation of Rule 84.04(d)(1)(C). Francis's point does not identify the rule of law the trial court should have applied, nor does it specify the evidentiary basis supporting the application of the rule of law suggested. *Culley v. Royal Oaks Chrysler Jeep, Inc.*, 216 S.W.3d 235, 236 (Mo.App. E.D.2007). It is not sufficient to merely set out what the alleged errors are without stating why the ruling is erroneous. *Id.*

In addition, Francis fails to comply with the requirements of Rule 84.04(d)(5). Francis does not include in his brief "a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions upon which that party principally relies." *See* Rule 84.04(d)(5). In fact, Francis's entire brief fails to cite any legal authority whatsoever.

Finally, Francis's brief fails to comply with the requirements of Rule 84.04(e). Specifically, Francis's brief does not contain a concise statement of the applicable standard of review for his claimed point of error. In addition, most significantly, Francis has not advised this court how the

---

1. Although the point relied on suggests, without stating, that the point is related to the admissibility of evidence of subsequent remedial measures, the 3 1/2 page argument section of the brief never mentions this theory and consists entirely of a citation-free discussion of the City's alleged duty to trim the tree in question.

facts of the case and the relevant principles of law interact. *See* Rule 84.04(e); *see Smith v. City of St. Louis Civil Serv. Comm'n,* 216 S.W.3d 698 (Mo.App. E.D. 2007). Indeed, the brief includes no legal analysis supporting a claim of reversible error on the basis of improper exclusion of evidence. *See id.* "If a party fails to support a contention ... with argument beyond conclusions, the point is considered abandoned." *Id.*

Because of Francis's non-compliance with Rule 84.04, Francis's brief is inadequate to invoke the jurisdiction of this Court and preserves nothing for review. This Court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency. *Smith,* 216 S.W.3d at 698.

### Conclusion

Respondent's motion to dismiss the appeal is granted.

GEORGE W. DRAPER III, P.J., and ROBERT G. DOWD, J., concur.