Charles POINTER,
Petitioner/Appellant,

v.

STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, Family Support Division, Respondent/Respondent.

No. ED 90301.

Missouri Court of Appeals,
Eastern District,
Division One.

May 13, 2008.

Rehearing Denied July 15, 2008.

S.W.3d 698, 699 (Mo.App.2007); *Kramer v. Park–Et Restaurant, Inc.*, 226 S.W.3d 867, 869 (Mo.App.2007); *McGill v. Boeing Co.*, 235 S.W.3d 575, 577 (Mo.App.2007). All appellants must comply with the Supreme Court Rules, including Rule 84.04, which governs the contents of appellate briefs. *Smith*, 216 S.W.3d at 699. We are mindful of the problems that a *pro se* litigant faces; however, judicial impartiality, judicial economy, and fairness to all parties necessitate that we do not grant a *pro se* appellant preferential treatment with regard to complying with the rules of appellate procedure. *Kramer*, 226 S.W.3d at 869; *McGill*, 235 S.W.3d at 577. A brief that substantially fails to comply with Rule 84.04 is inadequate to invoke the jurisdiction of this court and must be dismissed. *Smith*, 216 S.W.3d at 699. Rule 84.13(a) provides that allegations of error not properly briefed "shall not be considered in any civil appeal."

Charles Henry Pointer, St. Louis, pro se.

Lasandra F. Morrison, Robert D. Nolan, Assistant Attorney General, Kansas City, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, JR., J., and KENNETH M. ROMINES, J.

PER CURIAM.

Petitioner, Charles Pointer, appeals *pro se* from a judgment of the trial court affirming the decision of the Director of the Family Support Division of the Department of Social Services denying his application for energy assistance benefits. Because petitioner's brief is insufficient to invoke the jurisdiction of this court, we dismiss this appeal.

■ We hold *pro se* appellants to the same standards as attorneys. *Smith v. City of St. Louis Civil Service Com'n*, 216

■ Petitioner's brief fails to comply with Rule 84.04 to such an extent that his appeal must be dismissed. Petitioner appeals from a decision in a contested case before the Director of the Family Support Division of the Department of Social Services that was affirmed by the circuit court. In this situation, the appellate court examines the findings and the decision of the agency and not the judgment of the circuit court. *Tate v. Department of Social Services*, 18 S.W.3d 3, 5 (Mo.App. 2000). We determine whether competent and substantial evidence supports the agency's decision, whether the agency's decision was arbitrary, capricious, or unreasonable, or whether the agency abused its discretion. *Id.;* section 536.140 RSMo (2000).

Claimant's statement of facts contains unsupported legal conclusions, delves into many issues that are wholly irrelevant to

the denial of his application for benefits, and is argumentative, all in violation of Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument."

Each of claimant's points consists of a lengthy narration of complaints intertwined with multiple claims of "reversible error." None of the points identifies an administrative ruling being challenged, states any legal reasons for any claim of reversible error, or explains why those legal reasons constitute error in the context of this case, in violation of Rule 84.04(d)(2).

The argument section of petitioner's brief does not contain a statement of the applicable standard of review for any of the points, in violation of Rule 84.04(e). However, in this case we observe that there would be no *applicable* standard of review for any of the points since the points are not based on errors that can be reviewed in an appeal from an administrative decision. In addition, the argument under each point fails to provide any legal analysis that shows how the agency decision was not supported by competent and substantial evidence, was arbitrary, capricious, or unreasonable, or resulted from an abuse of discretion. Petitioner's sole citation of legal authority appears at the end of the argument section under each point, where he provides a list of cases without any explanation of how these cases apply to his claims.

Finally, petitioner fails to comply with Rule 84.04(h) that requires the appendix to contain the judgment being appealed, including the relevant findings of fact and conclusions of law. The appendix does not contain a copy of the August 16, 2007 judgment from which petitioner appeals, or a full copy of the administrative decision that is being reviewed. Instead, it contains an order indicating that the August 16, 2007 judgment was to be retitled "Final Judgment," and only the last page of the administrative decision.

Petitioner's brief so substantially fails to comply with the briefing requirements of Rule 84.04 that it is inadequate to invoke the jurisdiction of this court. The appeal is dismissed.