Christine POWERS, Appellant,

v.

Stephen COFFMAN, d/b/a A Coffman Contracting, Respondent.

No. ED 97591.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 4, 2012.

Christine Powers, St. Louis, MO, pro se.

Robynn Diane Ragland, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Christine Powers ("Powers"), appeals *pro se* from the judgment entered by the circuit court in favor of Stephen Coffman d/b/a A Coffman Contracting ("Coffman") following a trial *de novo* on a small claims action. Powers argues the circuit court failed to apply a three-day right of rescission provided by the Federal Trade Commission's "cooling-off rule" for door-to-door sales. Because the record on appeal is insufficient under Rule 81.12(a) to allow review of this issue, we dismiss the appeal.

Appellant's legal file does not fully comply with Rule 84.04 and contains some documents that were not admitted into evidence at trial. While not dispositive of our ultimate decision in this case, we understand the facts to be as follows: Powers and Coffman entered into a contract on July 31, 2006 whereby Coffman agreed to construct masonry and screened porches at Powers' residence in exchange for $66,875, including $25,000 to start the job.

Powers signed the contract at her home in Coffman's presence and gave him $25,000. According to Powers, July 31 was the first time she and Coffman had met in person. According to Coffman, he had made two or three visits to Powers' residence prior to July 31.

Powers orally rescinded on August 3, 2006 and sought the return of the $25,000 down payment plus interest. On October 27, 2006, Coffman gave Powers a check for $24,000 with a cover page and memo reading "tendered as full accord and satisfaction of all claims when this check # 1575 is paid." Powers crossed out this memo, wrote "this is partial payment," and cashed the check.

Powers then sued in small claims court for $1,000 plus interest, statutory penalty, and fees. On August 31, 2011, Powers obtained a small claims judgment for $1,750. Coffman then applied for a trial *de novo*. On October 24, 2011, Coffman obtained a judgment in his favor. The only document in the record on appeal regarding this judgment is a pre-printed judgment sheet with a checkmark next to "Judgment in favor of the defendant(s) on plaintiff's petition." Powers now appeals.

We hold *pro se* appellants to the same standards as attorneys. *Pointer v. State, Dept. of Social Services*, 258 S.W.3d 453, 454 (Mo.App. E.D.2008). Accordingly, *pro se* appellants must comply with Supreme Court Rules. *Id.* We are mindful of the problems that a *pro se* appellant faces; however, judicial impartiality, judicial economy, and fairness to all parties necessitate that we do not grant a *pro se* appellant preferential treatment with regard to complying with the rules of appellate procedure. *Id.*

Rule 81.12(a) provides that the record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be

presented, divided into two components, the legal file and the transcript. *Jaggie v. Attaran*, 70 S.W.3d 595, 597 (Mo.App. E.D. 2002). If an appellant desires review of an issue, it is the appellant's duty to furnish a transcript containing all the records, proceedings and evidence relating thereto. In the absence of the required record, there is nothing for this court to review. *Id.*

■ Powers has not filed a copy of the transcript from the trial *de novo* proceedings. Without the transcript, we do not know how the circuit court decided the question presented to this court. We do not know whether the trial court determined the federal cooling-off rule applied or whether the trial court determined the contract between the parties was the result of a door-to-door sale. Further, we do not know whether the trial court made determinations as to the credibility of each witness regarding the conflicting accounts as to the number of in-person meetings between Powers and Coffman. Additionally, we do not know whether the trial court reached any conclusions regarding Coffman affirmative defenses, including the defense that the check for $24,000 was a valid accord and satisfaction.[1] Without the transcript, we have no basis for passing judgment on the actions of the trial court. Because the record on appeal is insufficient to make a ruling, the appeal must be dismissed. *Id.*

ROY L. RICHTER, J. and ANGELA T. QUIGLESS, J., concur.

---

1. For example, our colleagues in the Western and Southern Districts have found that a cashed check with language indicating it is intended as satisfaction in full is considered an accord and satisfaction, even if the payee crosses out or modifies the restrictive language. *Clark v. Traders Ins. Co.*, 951 S.W.2d 750, 753 (Mo.App. W.D.1997); *Helton Const. Co. v. Thrift*, 865 S.W.2d 419, 424 (Mo.App. S.D.1993). However, we simply do not know whether the trial court decided the case on this issue and we will not speculate as to the reasons for its decision.